# Ford et al. *versus* Buchanan.

1. The court will not construe a written contract where the parts in dispute are expressed in words that have no well defined meaning. Such words create an ambiguity and their construction becomes a mixed question of law and fact in which the court, and if necessary the jury, must have the aid of scientific men.

2. A proper case stated is made when all the facts are agreed upon by the parties, and the court is asked to declare the law upon such admitted facts.

3. A case stated in which there is one essential fact in dispute will be quashed.

October 22d, 1885. Before MERCUR, C. J., GORDON, PAXSON, STERRETT, TRUNKEY, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Washington county:* Of October and November Term, 1885, No. 162.

Assumpsit brought by James S. Buchanan against J. B. Ford and J. L. Black on their promissory note dated June 18th, 1885, at three months, for $150, payable to the order of James S. Buchanan.

The parties filed the following case stated for the opinion of the court:

And now, July 27th, 1885, it is hereby agreed by and between the parties to the above suit that the following case be

[Ford v. Buchanan.]

stated for the opinion of the court, in the nature of a special verdict:

James S. Buchanan, a farmer, residing in Mt. Pleasant township, said county, on the 11th day of December, 1880, for the consideration of one dollar, granted, demised and let unto the Niagara Oil Company the right of mining and excavating for petroleum, rock or carbon oil, or other valuable volatile substances and the exclusive right of way for pipe lines for the transportation of oil, all that tract of land situate in Mt. Pleasant township, Washington county, and state of Pennsylvania, containing two hundred acres, and more fully described in said lease, a copy of which is hereto attached and made a part of this case stated.

That the said James S. Buchanan on the 18th day of June, 1885, for the consideration of one dollar in hand paid, and the further sum of $150 to be paid on the 18th day of July, 1885, leased to Ford and Black, for the term of twenty years, the above described tract of land, for the sole and exclusive purpose of mining and excavating for natural gas, a copy of which lease is hereto attached and made a part of this case stated.

That the said consideration money was secured by a promissory note of even date with said lease, to wit, June 18th, 1885, payable thirty days after the date thereof. A copy of said note is hereto attached and made a part of this case stated.

That on the 22d day of July, 1885, a demand was made by the said James S. Buchanan on the said Ford and Black for the payment to him of the said note. Whereupon the said Ford and Black refused to pay the same, alleging that the said plaintiff, by virtue of the lease of date December 11th, 1880, had already demised and let unto the Niagara Oil Company the right to mine and excavate for natural gas in the land leased to them by deed dated June 18th, 1885, the consideration for which said note was given.

Whereupon the plaintiff, alleging that he has not conveyed to the Niagara Oil Company the right to mine and excavate for natural gas by said lease of date as aforesaid, brings this his action.

If the court be of opinion that under the provisions of the lease to the Niagara Oil Company, dated December 11th, 1880, the said plaintiff did not convey the right to mine and excavate for natural gas, then judgment be entered in favor of the plaintiff for the sum of $150 with interest.

But if the court is not of such opinion, then judgment to be given for defendants, with costs.

Writ of error reserved to each party.

[Ford v. Buchanan.]

The court, HART, P. J., filed the following opinion:—The note in suit being for part of the consideration to be paid by the defendants to the plaintiff for the grant to them in the lease of date June 18th, 1885, of the right to mine and excavate for natural gas, the plaintiff cannot recover upon it, if it be true, as claimed, that he had previously, to wit, on the 11th day of December, 1880, leased the same lands to the Niagara Oil Company, with the exclusive privilege of boring and mining for natural gas, as well as for petroleum. The whole case, therefore, hinges upon the construction to be put upon the last mentioned lease.

The language of the lease in question is that the lessor "has granted, demised and let unto the party of the second part" (The Niagara Oil Company) "the sole and exclusive right of mining and excavating for petroleum, rock or carbon oil, *or other valuable volatile substances.*" Does this last expression— other valuable volatile substances—include natural gas? In my judgment it does not. Gas is not, either in the popular or the chemical sense of the word a "volatile substance." Ether, alcohol, the essential oils and some other substances, mostly fluids, are said to be volatile, because they readily pass into a gaseous or aeriform state, or exhale their particles, as musk for instance, on simple exposure to the atmosphere.

See Webster *in verbo.* , Petroleum is, more or less, volatile. Amer. Cyc. Vol. 7; Encyc. Brit. Vol. 18. And it was for petroleum and *other* substances having similar *volatile properties*, that the plaintiff by his lease of December 11th, 1880, granted to the Niagara Oil Company the exclusive right to search and mine.

But natural gas not being, in any proper sense of the term, "volatile," cannot be considered as intended by the parties to be included in that lease. It follows that the plaintiff had still a good title to all the natural gas underneath his farm when he granted to the defendants the right to mine for it by the lease of June 18th, 1885, as set out in the case stated. There is, therefore, no failure of consideration and the defendants are bound to pay the full amount of the note in suit, and judgment must accordingly be entered on the case stated in favor of the plaintiff.

And now, August 3d, 1885, it is considered adjudged and decreed that judgment be entered in the case stated, in favor of the plaintiff, for one hundred and fifty dollars and twenty-six cents, with costs.

Judgment was thereupon entered, whereupon the defendants took this writ and filed the following assignments of error :

1st. The court erred in holding that under the lease of

1 AMERMAN—3

date December 11th, 1880, from James S. Buchanan to the Niagara Oil Company, the plaintiff did not convey the right to mine and excavate for natural gas upon the lands so leased.

2d. The court erred in holding that the plaintiff had a good title to all the natural gas underneath his farm when he granted to the defendants the right to mine for it by lease of June 18th, 1885.

3d. The court erred in directing judgment to be entered for plaintiff, upon the case stated, for $150.26, and costs.

*L. McCarroll*, for the plaintiffs in error.

*D. W. Brown*, for the defendant in error.

*Dougan*, of *Dougan & Todd*, (with whom was *J. M. Kennedy* and *F. M. Magee*,) for the Chartiers Valley Gas Co.

This company upon petition showing that by purchase and assignment from the Niagara Oil Company, it was the owner of the lease referred to in this case, was permitted to take part in the argument.

Mr. Justice PAXSON delivered the opinion of the court, January 4th, 1886.

It required but a cursory examination of this case stated to see that we are asked to determine a question of fact. It is true the contract we are called upon to construe is in writing, and if the facts were all admitted it would be our plain duty to determine the rights of the parties under it. But the main controlling fact in the case is whether natural gas is a volatile substance, partaking of the nature of petroleum, rock or carbon oil. This is not a question of law; it is one of fact, and the whole case hinges upon it. So far from this question of fact being conceded, or agreed upon by the parties, it is the bone of contention; the one side vehemently contending that natural gas is a volatile substance; the other that it is not. If the words "or other volatile substances" contained in the lease from Buchanan to the Niagara Oil Company were technical words, and had a fixed meaning, it would have been well enough to ask us to construe them. But they have no well defined legal meaning; they create an ambiguity, and their construction becomes a mixed question of law and fact, in which the court, and if necessary, a jury, must have the aid of scientific men. Speaking for myself, I do not know with the certainty that should mark judicial action, whether natural gas is a volatile substance or not, and I do not propose to unite in a decision of a question which I do not thoroughly

understand. It is true an examination of the scientific author-
ities cited might lead us to a conclusion, but the application
of general theories and definitions to a particular subject
might in a matter of science result in error, to the injury of
the rights of others. We are the more disposed to move with
caution in this matter for the reason developed upon the argu-
ment that this case, of slight importance as regards the imme-
diate parties to it, incidentally involves the rights of others to
a very large amount.

A proper case stated is when all the facts are agreed upon
by the parties, and the court is asked to declare the law upon
such admitted facts.

> With the one essential fact in dispute we can
> only reverse this judgment and quash the case
> stated, which is accordingly done.