## N. FRAILEY, ADMR., v. LEGION OF HONOR.

APPEAL BY NOAH FRAILEY ET AL. FROM THE COURT OF COMMON PLEAS OF WAYNE COUNTY.

Argued February 25, 1890—Reversed at Bar.

When the parties to a cause have filed a case stated for the opinion of the court, the judgment entered must be based upon the facts agreed upon by the parties as a basis for the decision; but, if entered on the report of a master subsequently appointed to ascertain the facts, the judgment will be reversed and the case stated quashed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MC-COLLUM, JJ.

Nos. 172 July Term 1889, and 259 January Term 1890, Sup. Ct.; court below, No. 136 March Term 1888, C. P.

On April 6, 1888, Noah Frailey, administrator of the estate of Mahala C. Frailey, deceased, brought assumpsit against the Supreme Council of the American Legion of Honor, to recover upon a benefit certificate issued by the defendant on May 5, 1882. The defendant, on May 14, 1888, filed a petition, admitting its liability on the certificate, but averring the death of Mahala C. Frailey, the beneficiary, on January 22, 1882, previous to the issuing of the certificate, and that the moneys due thereon were claimed by the plaintiff, as administrator of Mahala C. Frailey, deceased, the beneficiary; by C. L. Penwarden, administrator of B. F. Frailey, deceased, the insured member of the order; by Joanna Barbara, widow of B. F. Frailey, deceased; and by F. Dittrich, guardian of the two minor children of B. F. Frailey, deceased; praying leave to pay the money into court, and for a rule upon all the claimants to interplead and to maintain their respective rights to said money, if any they had, in such issue as the court should direct. Rule granted.

On July 9, 1888, the rule referred to was made absolute, and the moneys paid into court; and on November 9, 1888, an issue was framed and filed, by agreement of all the parties claiming the fund, on a case stated for the opinion and judgment of the court, with right to writ of error or appeal.

Statement of Facts.

On April 9, 1889, Noah Frailey, administrator of Mahala C. Frailey, filed his petition averring "that the case stated is incomplete and incorrect," setting forth additional facts, and prayed "that said case stated may either be amended, and these facts embodied therein, or that a master may be appointed to ascertain the true facts of the case." Thereupon, the court appointed *Mr. Homer Greene* as master "to report the facts in the case."

On June 10, 1889, the master filed his report of the facts found, with the testimony taken and exhibits; and on June 11th, C. L. Penwarden, administrator of B. F. Frailey, deceased, filed objections to the amendment of the case stated, as filed, except as to certain additional facts agreed upon. Noah Frailey, administrator of Mahala C. Frailey, deceased, also filed exceptions to certain findings of the master.

On July 1, 1889, after argument, the court, SEELY, P. J., filed an opinion upon which a decree was entered awarding the fund, after the payment of costs, one third to Joanna Barbara, widow of B. F. Frailey, deceased; and two thirds to F. Dittrich, guardian of the two minor children of said B. F. Frailey, deceased.*

Thereupon, Noah Frailey, administrator, took the appeal to No. 172, assigning for error:

1, 2. The admission in evidence and basing the decree upon the laws, rules, or by-laws of the American Legion of Honor.

3, 4. The award of the fund to the widow and children of B. F. Frailey, deceased, and not to the appellant, as administrator of Mahala C. Frailey, deceased.

And C. L. Penwarden, administrator of B. F. Frailey, deceased, took the appeal to No. 259, specifying that the court erred:

---

* This was a most interesting case, and admirably presented on the merits in the paper-books. The essential facts were as follows: B. F. Frailey applied for membership in the order on December 21, 1881, naming in his application his mother, Mahala C. Frailey, as the beneficiary. His mother died on January 22, 1882, before he was admitted to membership, which was on Febuary 14, 1882. But the benefit certificate was not issued till May 5, 1882, and in it Mahala C. Frailey was named as the beneficiary. The certificate remained in the possession of B. F. Frailey, unchanged, at his death on June 18, 1887. The question was, to whom were the proceeds payable?

1–5. In basing the decree upon facts not set forth in the case stated, or added thereto by consent of all the parties.

6, 7. In awarding the fund to the widow and children of B. F. Frailey, deceased, and not to the appellant as administrator of B. F. Frailey, deceased.

*Mr. A. T. Searle* (with him *Mr. O. L. Rowland*), for Noah Frailey, admr., appellant; *Mr. H. Wilson*, for C. L. Penwarden, admr., appellant.

*Mr. E. C. Mumford*, for F. Dittrich, guardian, appellee.

PER CURIAM:

On the argument at Bar,

Judgment reversed, and case stated quashed.