## Mutchler, Appellant, *v.* City of Easton.

[Marked to be reported.]

*Practice—Case stated—Presumptions of fact.*

A case stated, when well drawn, is like an issue developed by special pleading, and presents in a single point, or in a series of points, the very matter that is up for judgment. The court cannot go beyond the issue that is thus brought upon the record, however manifest the justice that might be reached by going farther. The duty of the court is to decide the case that is stated and to presume that what is not included was kept out for sufficient reason: Phila. & Reading R. R. Co. v. Waterman, 54 Pa. 337.

A presumption of one fact from others is an inference of fact, and although, according to a rule of law, the jury may be bound to make the presumption, yet the court cannot make it without them: Diehl v. Ihrie, 3 Wharton, 143.

*Municipalities—Public contract—Deposit—Forfeiture.*

By the case stated it appeared that the plaintiff was the successful bidder for the construction of sewers in the city of Easton, according to certain plans and specifications, and that as required by the city, he had deposited with the city treasurer a certified check for $2,000 as security that he would enter into a contract for the performance of the work, and that he had failed to enter into such contract. The receipt of the city treasurer, which was made a part of the case stated, contained the clause, " which check, if the same shall not be declared forfeited by the said department of sewers, will be returned to the said S. B. Mutchler ":

*Held,* (1) That in the absence of a statement in the case stated that the check had been declared forfeited by the said department, the court must assume that no such forfeiture had taken place, and judgment must be entered for the plaintiff.

(2) The contract of the parties, and hence the law of their relation, was that plaintiff was entitled to a return of his check in the absence of a declaration of forfeiture by the department of sewers. As the city has the undoubted power to pay debts that are due, according to the terms of its contract there can be no question as to plaintiff's right to recover. ,

Argued March 7, 1892. Appeal, No. 433, Jan. T., 1891, by plaintiff, Samuel B. Mutchler, from judgment of C. P. Northampton Co., April T., 1891, No. 22, in favor of defendant. Before STERRETT, GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Case stated.

The facts, as agreed upon, were as follows:

The engineer of the city of Easton invited contractors to make bids by sealed proposals for building sewers, according to certain plans and specifications. Upon plaintiff's application, he was furnished with these plans and specifications and delivered sealed proposals in response thereto to the city engineer, together with his certified check for $2,000, in accordance with the requirements of the city's advertisement, receiving the receipt of the city treasurer therefor.

The defendant duly awarded the contract for building the sewers aforesaid to plaintiff, according to his proposals, the aggregate amount of his bid and proposal being $108,460; but after notice plaintiff refused to make the contract with defendant, and a contract was subsequently entered into between defendant and a third party for an increased amount.

An ordinance was passed by the city councils, declaring that whenever it should be determined by the court of common pleas

that the city has the power to refund the said money, the sum of $2,000 should be paid to plaintiff, provided that the costs of the legal proceedings be paid by him.

The case stated concluded as follows :

" VI. The plaintiff has demanded the return to him by the city of Easton of the two thousand dollars above named. But the city of Easton is doubtful if it has authority to refund the same.

" If, therefore, upon these facts the court shall be of the opinion that the city of Easton has the authority to refund to plaintiff the sum of two thousand dollars aforesaid, then the court to enter judgment on the case stated in favor of the plaintiff and against said defendant for the sum of two thousand dollars *without* costs ; otherwise judgment to be entered in favor of the defendant. Either party to have the right to take an appeal from said judgment to the Supreme Court."

The various advertisements, plans, specifications, proposals and the receipt of the treasurer were referred to in the case stated as exhibits. Their character is indicated in the opinion of the Supreme Court.

The court below entered judgment for defendant. Plaintiff appealed.

*Error assigned* was the entry of judgment for defendant.

*Henry W. Scott*, for appellant, in support of the authority of the city of Easton to make the payment claimed by plaintiff, cited : Dillon, Mun. Corp., 4th ed., secs. 477, 575 ; Marshall v. Allegheny City, 59 Pa. 460 ; Act of May 23, 1889, art. V, P. L. 277 ; Allegheny City v. Blair, 74 Pa. 225 ; U. S. v. Marshal, 10 Wheat. 246 ; Maryland R. R. Co., 3 How. 534.

The power to impose a forfeiture necessarily implies the power to remit.

A municipal corporation is bound on an implied contract to refund money for which no consideration is given, even though consideration is tendered : Louisiana v. Wood, 102 U. S. 294 ; Dillon, Mun. Corp., secs. 458, 460, 477, 938 ; Marsh v. Fulton Co., 10 Wall. 684 ; Dill v. Wareham, 7 Metc. 438.

The city could not retain the $2,000 by way of penalty without proving actual damage sustained : March v. Allabough, 103 Pa. 339; Shreve v. Brereton, 51 Pa. 175 ; Pennypacker v. Jones, 106 Pa. 237.

The treasurer's receipt provided that the check should be returned unless declared forfeited, and no such declaration was made. That which is not contained in a case stated is presumed not to exist: Berks Co. v. Pile, 18 Pa. 493; Phila. & Reading R. R. Co. v. Waterman, 54 Pa. 337.

*H. J. Steele,* city solicitor, for appellee.—Appellant has no legal or equitable claim upon the city for the return of his money : Ex parte Barrell, L. R. 10 Ch. Ap. 512; Morgan Park v. Gahan, 35 Ill. Ap. 646; King v. Mahaska Co., 24 A. & E. Corp. Cas. 577.

To refund the sum deposited by the bidder, in accordance with the terms of the advertisement, is beyond the municipal power of defendant: Dillon, Mun. Corp. (3d. ed.), secs. 89, 443, 457 ; Green's Brice's Ultra Vires, 58; Van Horn v. Des Moines, 4 Am. & Eng. Corp. Cas. 339; County of Chester v. Barber, 97 Pa. 455.

Councils are expressly forbidden to make such an appropriation by section 7, article IV, of the municipal act of May 23, 1889. The provisions of this act are mandatory : Bladen v. Phila., 60 Pa. 464 ; Mathews v. Phila., 93 Pa. 147 ; Hague v. Phila., 48 Pa. 529.

OPINION BY MR. JUSTICE GREEN, April 11, 1892 :

In the case stated the various papers involved in the contention between the parties are referred to as exhibits, and each of them is made a part of the case stated. Thus, the advertisement of the city engineer for proposals for the work in question is referred to as "Exhibit 3." The plans and specifications, with a copy of the advertisement, and the plaintiff's proposal, are mentioned as "Exhibit 2." A copy of the city treasurer's receipt, given to the plaintiff for the certified check for $2,000, deposited with his bid, was described as "Exhibit 4," and all of these exhibits are made part of the case stated.

The treasurer's receipt, therefore, is as much a part of the facts agreed upon as any other of the papers. There is no averment in the case stated that the treasurer had no authority to sign and deliver the receipt, precisely as it was given, and we know of no reason why it must not be regarded as being a part of the contract between the parties. We could make no assumption to the contrary, without importing into the contract,

or the controversy, a fact which the case-stated does not contain, and that, of course, we cannot do. Regarded as the written expression of one of the terms of the contract, the case becomes very much simplified, and the receipt practically accomplishes the solution of the contention. It is in these words : " Received of Mr. S. B. Mutchler, on behalf of the city of Easton, a certified check on Phillipsburg N. J. Nat. Bank, for the sum of two thousand dollars, subject to the conditions named in the proposals to the department of sewers, for constructing certain main and lateral sewers, of even date herewith, which check, if the same shall not be declared forfeited by the said department of sewers, will be returned to the said S. B. Mutchler upon surrender of this receipt.

" (Signed) JAMES McCAULEY,

" City Treasurer of Easton, Pa.

" Easton, Pa., March 14, 1890."

According to the plainly expressed terms of this paper, the check was to be returned to the plaintiff, upon the surrender of the receipt, " if the same shall not be declared forfeited by the said department of sewers." We are bound to assume that the check never was declared forfeited by the department of sewers, because no such fact is expressed in the case stated.

In Berks Co. v. Pile, 18 Pa. 493, we said that, " in a case stated, whatever is not distinctly and expressly agreed upon, and set forth as admitted, must be taken not to exist." In Phila. & Read. R. R. Co. v. Waterman, 54 Pa. 337, we said : " A case stated, when well drawn, is like an issue developed by special pleading, and presents, in a single point, or in a series of points, the very matter that is up for judgment. The court cannot go beyond the issue that is thus brought upon the record, however manifest the justice that might be reached by going farther. The duty of the court is to decide the case that is stated, and to presume that what is not included was kept out for sufficient reason."

In Diehl v. Ihrie, 3 Wh. 143, we held that a presumption of one fact from others is an inference of fact, and, although according to a rule of law, the jury may be bound to make the presumption, yet the court cannot make it without them : see, also, Seiple v. Seiple, 133 Pa. 460.

Adjudging the case upon these principles, we find that the

plaintiff, when he deposited his check with the city treasurer, was entitled to have it back again, unless it was declared forfeited by the department of sewers; that no such forfeiture was ever declared, and therefore he is entitled to his check, or its equivalent in money. The provision in the notice to contractors, " that the check is to be forfeited to the city of Easton, if the successful bidder does not enter into contract with the city and furnish a bond," etc., would doubtless have justified a declaration of forfeiture by the department of sewers, but no such declaration was ever made.

The condition upon which the plaintiff deposited his check was, that he was entitled to have it back if no declaration of forfeiture was made by the department of sewers. That was his contract, and, presumably, it was also the contract of the city, and the contract of the parties is the law of their relation. The city has manifested its willingness to refund the money whenever it shall be judicially determined that it has the power to do so. As the city has the undoubted power to pay debts that are due, according to the terms of its contracts, there can be no question on this subject.

The judgment of the court below is reversed, and judgment is now entered on the case stated in favor of the plaintiff, and against the defendant, for the sum of $2,000, without costs.