# Commonwealth, Appellant, v. Howard.

*Practice, S. C.—Appeal—Final judgment—Quashing case stated.*

The quashing of a case stated and granting a new trial, on the ground that the case stated fails to disclose facts necessary to an intelligent judgment, is not a final judgment from which an appeal will lie.

*Case stated—Requisites.*

Upon a case stated, the court cannot go outside of its terms for facts, nor assume them by way of inference.

*Effect of quashing.*

When a case stated is quashed, the action stands precisely as if no case stated had been agreed upon.

Argued May 3, 1892.    Appeal, No. 182, Jan. T., 1892, by plaintiff, from judgment of C. P. Warren Co., March T., 1891, No. 49, quashing case stated.    Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Assumpsit to recover penalties from the defendant, A. W. Howard, for unlawfully exercising the business of a real estate broker without a license.

The case being at issue, a case stated was agreed upon as follows :

" The following facts are agreed upon by the parties to this suit, as in the nature of a special verdict, and to be submitted to the court for its judgment ; each party reserving the right to appeal to the Supreme·Court.

" The defendant was engaged in the sale of real estate as an agent or broker, and held himself out to the world as such, and was doing business in the borough of Warren, and has made the sales of real estate, as such agent or broker, his business.

" During the three years preceding the bringing of this suit, he negotiated the following sales : C. W. Scofield to Wilbur and Francis ; (here follow other names ;) and that from each of them he received a compensation, in the nature of a commission thereon ; that ten of them were sales of real estate in fee ; four were sales of real estate in fee and leasehold estates for oil purposes ; fourteen were sales of leasehold estates for oil purposes ; and one sale made, which it is not known whether the transaction comprised real estate in fee, leasehold estate for oil purposes, or both together.    That during said three

years the defendant had no license from the county treasurer as such broker, by reason of his neglect and failure to pay to the said county treasurer the sum of thirty dollars, as a license fee, for each of the said three years, and the usual fees or costs to the proper county officials for issuing said license.

" If upon the above facts the court is of the opinion that, under the law, the plaintiff is entitled to recover a penalty fixed by statute for each of the transactions above mentioned, then judgment be entered for the plaintiff, for fourteen thousand and five hundred dollars and costs.

" If upon the above facts, the court is of the opinion that in law the plaintiff is entitled to recover a statutory penalty for sales of real estate in fee only, then judgment to be entered for the plaintiff for seven thousand dollars and costs.

" If, upon the above facts, the court is of the opinion that the plaintiff is entitled to recover only one penalty of five hundred dollars, then judgment to be entered for the plaintiff for five hundred dollars and costs.

"If, upon the above facts, the court is of the opinion that the plaintiff is entitled to recover three penalties of five hundred dollars each—one penalty for each of the years mentioned in which he has been engaged in the business, then judgment to be entered for the plaintiff for fifteen hundred dollars and costs.

" If, upon the whole case, the court is of the opinion that, under the law, the plaintiff is not entitled to recover, then judgment to be entered for the defendant and costs."

The court below quashed the case stated and granted a new trial, in an opinion by NOYES, P. J., in part as follows :

" Does the stated case disclose facts which clearly exhibit the liability of the defendant for any penalty ?  A case stated is a substitute for a special verdict, and is subject to similar rules. The court is confined to the specific facts presented, and cannot aid them by any inference, implication or intendment of fact: Tuigg v. Treacy, 104 Pa. 493.  It must state facts, and not merely evidence.  The court cannot draw inferences of fact, nor decide questions of fact however clear: Diehl v. Ihrie, 3 Whart. 143; Berks Co. v. Pile, 18 Pa. 493.  In order that we may give judgment against the defendant it must appear that, at some time within two years before the bringing of this suit,

the defendant not having at the time a license as required by law, used and exercised the occupation or business of a real estate broker within the county of Warren and state of Pennsylvania. Simple as these facts are, they do not appear with certainty upon the face of the stated case. It is stated that the defendant was engaged in the business of real estate broker in the borough of Warren, but when, does not appear, nor whether the borough of Warren mentioned is in Pennsylvania, Massachusetts or Ohio. The recitals of transactions following are mere evidence, and are nowhere stated to have occurred in the county of Warren, nor is any time mentioned, except that they happened during three years before the bringing of the . suit, which may or may not have been while the defendant was unlicensed, and may or may not have been within the limit of two years accorded by law for the prosecution of penal actions in favor of the commonwealth. Moreover the fact that the defendant had no license is rendered doubtful by the want of dates, and the added statement that the want of license was " by reason of his neglect and failure to pay to the county treasurer the sum of thirty dollars as a license fee," etc. This . . . . was repealed by the act of 1850, which substitutes a tax of three per cent upon the annual receipts, and if there be no other reason than this, the defendant may well have been legally commissioned as a broker. Before we can impose a penalty upon the defendant for an alleged violation of law, the fact that he has so violated it must appear with at least as much certainty as would be required to sustain a conviction before a magistrate. Upon the stated case we are unable to give judgment for the plaintiff; but under the terms of the submission we are equally unable to give judgment for the defendant. We are only authorized to do so in case ' upon the whole case the court is of opinion that under the law the plaintiff is not entitled to recover.' We can decide only questions of law, and it is evident from what we have already said that the case presents a mixed question of law and fact, and this we cannot determine."

*Errors assigned* were (1) quashing the case stated; not ordering judgment (2) for $14,500, (3) for $1,500, (4) for some one of the penalties as set forth in the case stated.

*Samuel T. Neill* and *R. & H. E. Brown*, for appellant.—The

court below mistook the effect of the act of May 15, 1850 : See act of May 16, 1861, § 4.

*J. H. Donly* and *Chas. Dinsmore* of *Dinsmore & Peterson*, for appellee.—The quashing of the case stated was an interlocutory judgment from which no appeal lies : Harper v. Roberts, 22 Pa. 194; Hughes's Adm'r v. Peaslee, 50 Pa. 257; Davis v. Barr, 5 S. & R. 515; Klopp v. Bernville Live Stock Ins. Co., 1 Woodward, 445; Scott's Ap., 123 Pa. 155; English's Ap., 119 Pa. 533.

PER CURIAM, May 23, 1892:

There was no final judgment in this case. The order of the court below was : " Stated case is quashed, and new trial granted." We are of opinion that the case stated was properly quashed, for the reason that it failed to disclose facts necessary to an intelligent judgment. It ought to be understood that the court cannot go outside of the case stated for its facts, nor can it assume them by way of inference. The case stated having been quashed, the action in the court below stood precisely as if no case stated had been agreed upon.

The judgment is affirmed, and a procedendo awarded.