The Mercantile Trust and Deposit Company of Baltimore and D. K. Este Fisher, Receivers and Assignees for the Benefit of Creditors of the American Casualty Insurance and Security Company of Baltimore City, Appellants, *v.* Andrew W. Mellon.

*Taxation—Corporation—Municipal tax on stock—Lien—Action in personam.*

A municipal tax lawfully assessed and determined against stock of a corporation, owned by a citizen of another state, and enforced against the receivers of the corporation by judgment, when paid by such receivers, may become by statute a lien against the stock, but such proceedings do not raise a cause of action in personam against the stockholder in the forum of his domicil.

*Taxation—Corporation—Substitution to rights of taxing power.*

The special attributes of a tax claim cease upon its payment to the proper authority and the rights of the city, to which the tax is due, in the absence of express provision, cannot be substituted to a corporation paying the tax, as against the stockholder. The corporation is relegated to the lien created by statute and charter on the stock held by the stockholder.

Argued May 4, 1898. Appeal, No. 106, April T., 1898, by plaintiffs, from judgment of C. P. No. 2, Allegheny Co., July T., 1897, No. 545, on case stated in favor of defendant. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Case stated. Before WHITE, P. J.

By the case stated plaintiffs claimed of defendant the sum of $205.58 with interest from 1896, being tax assessed and paid, under proceedings regularly had, by the plaintiffs, receivers of the American Casualty Insurance and Security Company of Baltimore City for tax due by the laws of the state and the charter of the company to the city of Baltimore, which tax became a lien on the stock assessed.

The court below directed judgment to be entered on the case stated in favor of defendant. Plaintiffs appealed.

No assignments of error appear in plaintiffs' paper-book, but plaintiffs excepted to the order of the court entering judgment for defendant on case stated; vide Rule XXV.

*Wm. M. Hall Jr.*, with him *Fisher, Bruce & Fisher*, for appellants.—The defendant being a· stockholder in the company, a Maryland corporation,, was subject to all the duties and liabilities under the laws of that state, and his status as a stockholder was in no way different from that of a stockholder who happened to be a resident of the state of Maryland: First Nat. Bank v. Gustin, 7 Ry. & Corp. L. J. 175; Flash v. Conn, 109 U. S. 371; Lowry v. Inman, 46 N. Y. 119; McDonough v. Phelps, 15 How. Pr. (N. Y.) 372; Sackett's Harbor Bank v. Blake, 3 Rich. Eq. (S. C.) 225; Bank of Virginia v. Adams, 1 Parsons, 534; Healy v. Root, 28 Mass. 389; Aultman's Appeal, 98 Pa. 505; Black v. Zacharie, 3 Howard, 483.

The questions relating to the shares of stock are to be determined by the laws of the state of the corporation: Story on Conflict of Laws (8th ed.), sec. 383.

The case at bar is precisely similar to that of a stockholder being indebted to the corporation for unpaid subscriptions to the capital stock: Huntington v. Attrill, 146 U. S. 657.

Aultman's Appeal, 98 Pa. 505, rules the case at bar.

Our next proposition follows therefore, that the defendant, being a stockholder in the company, was bound by the decision of the court of last resort in Maryland to such obligations as that court imposed under the laws of Maryland upon all stockholders, and it is entirely immaterial whether or not he is a nonresident: Mining Co. v. Levy, 54 Pa. 227.

It was legal for the laws of the state of Maryland to· make the situs of the defendant's stock for the purpose of taxation in the city of Baltimore, to assess the stock for taxation there, compel the corporation to pay the tax as agent for the stockholder and give it the right to charge the same to the account of the stockholder: Tappan v. Bank, 19 Wallace, 490. Cooley on Taxation, page 23; Baltimore v. City Pass. Ry. Co., 57 Md. 31; American Coal Co. v. County Commissioners, 59 Md. 185.

Personal property within the state belonging to a nonresident may be taxed to such owner notwithstanding his nonresidence: People v. Ins. Co., 29 Cal. 534; People v. Commissioners, 23 N. Y. 224; Dunleith v. Reynolds, 53 Ill. 45; Irvin v. N. O. R. R., 94 Ill. 105; St. Paul v. Merritt, 7 Minn. 258.

This method is in vogue in Maryland: American Coal Company v. County Commissioners, 59 Md. 185.

We have seen, supra, that the law applicable to questions arising upon shares of stock is that of the state of the incorporation. It is the law of Maryland that the imposition of a tax creates a legal obligation to pay on which the law raises an implied assumpsit, and it is the law of this case as laid down by the court of last resort in Maryland that the defendant is personally liable to the corporation for the tax.

This was expressly decided in Maryland: Dugan v. Baltimore, 1 Gill. & J. 499; Appeal Tax Court v. Union Railroad Co., 50 Md. 274.

The company as agent of the defendant having paid this tax under stress of legal process has a right of action against the defendant to recover the amount paid: Fulton v. Nicholson, 7 Md. 104; Taylor v. Gould, 57 Pa. 152.

*Willis F. McCook,* for appellee.—A tax is not a debt. It lacks most of the characteristics of a debt. In the absence of an express statute, it is not enforceable by action: Meriwether v. Garrett, 102 U. S. 472, 513.

The form of procedure cannot change their character: Augusta v. North, 57 Me. 392; Camden v. Allen, 26 N. J. L. 398; Perry v. Washburn, 20 Cal. 318.

Nor are they different when levied under writs of mandamus for the payment of judgments and when levied for the same purpose by statute: Phila. v. Greble, 38 Pa. 339; Howell v. Phila. 38 Pa. 471; 2 Dillon, Mun. Corp. sec. 659.

That a tax is not a debt, and that there can be no remedy for its collection, other than provided by the statute, and that there is no implied assumption on the part of the owner to pay the tax, is sustained by the following: Crapo v. Stetson, 49 Mass. 393; Turnpike Co. v. Gould, 6 Mass. 40; Hibbard v. Clark, 56 N. H. 155; Johnson v. Howard, 41 Vt. 122; Miller v. Hale, 26 Pa. 432.

In the absence of statute, a tax does not bear interest as a debt does: Camden v. Allen, 26 N. J. L. 398; Danforth v. Williams, 9 Mass. 324.

It is not subject to set-off against the taxing power: State v. Balt. R. R., 34 Md. 344; Johnson v. Howard, 41 Vt. 122.

Nor does the fact that the statute creating the tax gives a

right to action for its recovery, alter its character as a tax: Meriwether v. Garrett, 102 U. S. 472; Augusta v. North, 57 Me. 392: Camden v. Allen, 26 N. J. L. 398.

They are not provable in bankruptcy; they are not within the purview of statutes relating to imprisonment for debt; the statutes of limitations relating to debts do not apply to them; they are not assignable as debts: McInerny v. Reed, 23 Iowa, 410; Sully v. Drennan, 113 U. S. 287.

The taxing power must have jurisdiction over the thing taxed. The defendant being a nonresident of the state of Maryland, it cannot by any possibility get jurisdiction over him to assess him personally. It did not even have jurisdiction over his stock, because the situs of his stock is his own domicil. This question has been so repeatedly considered by our courts that it is impossible and unnecessary to collate the great number of cases on the subject: McKeen v. County of Northampton, 49 Pa. 519; Maltby v. Railroad Co., 52 Pa. 140.

No distinction is made by our courts as to this proposition between stocks and bonds. The following authorities in all such cases hold that the situs of the stock and bond is the domicil of the owner, and that while the corporation itself can be taxed in the place of its domicil, a nonresident owner of the stock in a corporation cannot be taxed, for want of jurisdiction: Burroughs on Taxation, sec. 43; Bonaparte v. Baltimore, Am. L. Reg. (1882) 290; State v. Ross, 3 Zabriske, 517; R. R. Co. v. Porter, 17 Ind. 380; Howe v. Starkweather, 17 Mass. 240; Angell & Ames on Corp. sec. 560; Potter on Corp. sec. 192.

But even if it were conceded that the defendant's stock was property within the state of Maryland, the tax can be assessed only against the property, and its collection can be enforced only in rem. The taxing power cannot reach the person of the nonresident owner. Much less can it go into another state and there sue him as for a debt, and hold all of his other property liable for it under a general personal judgment: McCulloch v. Maryland, 4 Wheaton, 429; State Tax on Foreign Bonds, 15 Wallace, 300, 319; Hays v. Pacific Mail, 17 Howard, 596; Morgan v. Parham, 16 Wallace, 471; St. Louis v. Ferry Co., 11 Wallace, 423; Del. Tax Cases, 18 Wallace, 206; R. R. Co. v. Jackson, 7 Wallace, 262; Hoyt v. Sprague, 103 U. S. 613, 630.

OPINION BY ORLADY, J., November 21, 1898:

The American Casualty Insurance and Security Company of Baltimore city, a corporation of the state of Maryland, had its principal office in the city of Baltimore, in that state; and the defendant is the owner of 250 shares of its corporate stock, which, under the provisions of the laws of Maryland, were valued for taxation in 1893, by the proper authorities, at $53.00 per share. These shares were taxed by the city of Baltimore at the rate of $1.55 for each hundred dollars of the valuation, and there was stated by the city of Baltimore against the insurance company an account of taxes amounting to $7,971.96 " as per list of stockholders attached," which list included the defendant, and his proportion of the total tax would therefore be $205.28. The company did not pay the taxes upon demand; receivers were appointed, and the city of Baltimore sued the receivers to recover the total tax against the company and secured a final judgment therefor, which was paid by the receivers to the proper authorities.

This suit, pursuant to an order of the Maryland court having jurisdiction of the receivers, is brought in Allegheny county, Pennsylvania, where the defendant resides, to secure a personal judgment against him for the amount due on his stock as the tax paid by the receivers of the original corporation. A case stated was filed, and after hearing, a judgment was entered in favor of the defendant. It is admitted that the proceedings, by which the stock was assessed and the tax determined, were pursuant to the charter regulations of the corporation issuing the stock, and to the statutes of Maryland.

The defendant never was a resident of the state of Maryland, but always has been a resident of the state of Pennsylvania, and did not have any notice of the assessment of the tax on the shares of stock owned by him.

The claim of the city of Baltimore against the American Casualty Insurance and Security Company of Baltimore city was a tax imposed by the laws of the state of Maryland; it was assessed as a tax, and as such it was paid by the receivers of the insolvent company to the proper persons authorized to receive the tax, and when so paid into the treasury of the municipality it ceased to have existence as a tax against the company or its stockholders. The receivers, having paid the tax, cannot by

the order of court directing them "to proceed by action or suit, if necessary, to collect from the several stockholders of the defendant corporation . . . . their proportinate shares of the taxes paid by the receivers," follow a stockholder into Pennsylvania and secure a personal judgment against him, unless the charter contract of the corporation, with its stockholders, specially authorized such remedy.

Upon a case stated the court cannot go outside of its terms for facts, nor assume them by way of inference : Commonwealth v. Howard, 149 Pa. 302.

The special attributes of a tax claim ceased upon its payment to the proper authority, and there is no provision for substitution to the rights of the city of Baltimore, to which the tax was due. The statutory means for collecting the tax, which can be asserted against person or property, are exclusively for the benefit of the taxing municipality, and they became inoperative when the tax is paid, and cannot be vitalized into life so as to be continued for the benefit of the corporation, which is obliged to pay them without specific statutory and charter authority. Such power is not shown in the case stated. "The statutes of Maryland provide, article 81, sec. 138, . . . . and for the valuation and effectual collection of the taxes assessed on the stock in banks or other incorporated institutions, held by non-residents, the proper officer of the corporation shall annually . . . . make out and deliver to the county commissioners, or to the tax court where said corporation is situate, an account of the number of shares of stock in such corporation held by persons not residents, and the same shall be valued at its actual cash value to and in the name of such stockholder, but the tax assessed on such stock shall be levied and collected from said corporation, and may be charged to the account of such non-resident stockholder in said corporation and shall be a lien on the stock therein held by such stockholders respectively until paid." This is the only provision in the case stated under which the corporation can protect itself for the money it may be obliged to pay as tax against it. The remedy of the corporation is against the stock and the lien is against it alone. The stock may be exhausted by the lien, but the corporation cannot pursue the holder into Pennsylvania to recover.

It may be unfortunate that the corporation was so insolvent

that the stock held by nonresidents was not equal in value to the tax it should pay to the state, but the loss to the state is hardly so great as is that of the nonresident who has bought the stock under the charter contract by which his stock may be entirely destroyed in value by the liens against it for taxes, and his investment be lost. More than this is not authorized by the charter, and more than this the corporation cannot claim.

The assignments of error are overruled and the judgment of the court below is affirmed.