## Schuylkill County *v.* Shoener, Appellant.

*Case stated—Form—Necessary facts—Practice, C. P.*

A case stated should contain a clear statement of the facts agreed upon which give rise to the question presented for decision, and nothing should be left to inference. In deciding the case, the court is confined to the specific facts stated. Whatever is not definitely and expressly agreed upon will be taken not to exist, and it is error to base a judgment on facts not set forth.

*Case stated—Form—Public officers—Clerk of court—Salary—Fees.*

On a case stated between a county and the clerk of the court of quarter sessions to determine whether the latter is entitled to retain the fees provided by the Act of July 30, 1897, P. L. 467, to be paid by applicants for liquor licenses, where the case stated does not question the fact that the Act of March 31, 1876, P. L. 13, applied to the defendant, and this fact is assumed by the parties and is a necessary and irresistible inference from the language of the case stated, it is immaterial that the case stated does not aver that the county contained more than 150,000 inhabitants, and it is unnecessary for the court to find as a fact the number of inhabitants of the county.

*Public officer—County officer—Fees—Salary—Advertisement of liquor licenses—Liquor law.*

The fee of $5.00, which the Act of July 30, 1897, P. L. 464, requires an applicant for a liquor license to pay to the clerk of the court of quarter sessions when he files his petition, is a fee of the office and like all other fees belongs to the county, in counties containing over 150,000 inhabitants.

Argued Feb. 17, 1903. Appeal, No. 6, Jan. T., 1903, by defendant, from judgment of C. P. Schuylkill Co., Jan. T., 1902, No. 61, for plaintiff, on case stated in County of Schuylkill *v.* John T. Shoener, Clerk of the Courts of Schuylkill County. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Case stated to determine whether the defendant, clerk of the courts of Schuylkill county, had the right to retain as fees of his office the money received from applicants for liquor license under the Act of July 30, 1897, P. L. 464.

The case stated was as follows:

And now, November 21, 1901, an action of assumpsit having been entered in the above stated case, it is hereby agreed by

and between the parties to the above stated action that the following case be stated for the opinion of the court in the nature of a special verdict:

1. That John T. Shoener, clerk of the courts of Schuylkill county, in accordance with section 3, pages 469 and 470, P. L. 1897, which provides: " Every person intending to apply for license as aforesaid under this or any other act of assembly in any city or county of this commonwealth, on and after the passage of this act, shall file with the clerk of the court of quarter sessions of the proper county, his, her or their petition, at least three weeks before the first day of the session of the court at which the same is to be heard, and shall, at the same time, pay said clerk $5.00 for expenses connected therewith; and said clerk shall cause to be published two times in three newspapers designated by him, one of which may be printed in the German language, a list containing the names of all such applicants, their respective residences, and the place for which application is made; and the cost of the publication shall not exceed the usual rates charged by such newspapers; the first publication shall not be less than fifteen nor more than twenty-five days before the time fixed by the court: Provided, the amount to be paid for such advertisement shall not, in the aggregate, exceed the $5.00 provided in this section to be paid by such applicant for expenses," collected the said five dollars ($5.00) from every petitioner, who applied for license under the provisions of the said act, to January term, 1901.

2. That there were 1,076 applicants, under the provisions of said act, to January term, 1901, and that the said John T. Shoener, clerk, etc., collected $5,380 from the said applicants.

3. That John T. Shoener, clerk, etc., retained said $5,380, and refused to pay it into the county treasury for the reason that the act of assembly created the money thus collected as a special fund for the expenses of advertising and his own legal expenses incident thereto, and that after paying all expenses out of the fund made up from the said $5.00 paid by each applicant, the balance remained due to him and was not an earning of the office under the meaning of the salary act of 1876, but was in the nature of a special fee for special services rendered.

4. That the commissioners contend that the said sum of

$5,380 realized under the said act of assembly, was an earning of the office of the clerk of the courts, and in accordance with law, the said John T. Shoener, clerk, etc., should have paid the said amount into the county treasury as earnings of the said office, and that all legal expenses as provided for by said act of assembly, and appertaining thereto, should be paid out of the county treasury and charged up against the earnings of said office as any other item of expenses, arising from said office, is paid and as any other fees earned by said office are made a credit thereof.

If the court be of the opinion that the said John T. Shoener, clerk of the courts of Schuylkill county, had a right to retain the said $5,380, he, the said John T. Shoener, paying all expenses for services rendered, advertisements, etc., incident thereto, and had the right to retain the balance as his special fee in addition to his salary under the act of 1876 and its provisions, and that said $5,380 derived under said act of 1897, was not an earning of the office, and he was not required to pay it into the county treasury, then judgment be entered for the defendant for the sum of $5,380, but if not, then judgment to be entered for the plaintiff, the county of Schuylkill. The costs to follow the judgment, and either party reserving the right to sue out a writ of appeal therein to the Supreme Court. This judgment to be subject to such lawful expenses and salaries of the clerk and his deputies as a set-off as have been withheld pending a judicial determination of the questions involved.

The court below, MARR, J., filed an opinion, the material parts of which were as follows:

Does the act of 1897 modify or change the law, as thus referred to? It is true the act designates the clerk, as the one who shall receive the $5.00 on filing the application, and further designates him as the one who shall select the newspapers in which the advertisements required shall be published, but it further provides that the cost of publication shall not exceed the usual rates charged by such newspapers and in no event shall in the aggregate exceed the $5.00 thus provided. These limitations to the cost of publication are significant, as showing the intent of the legislature in not permitting contracts

for advertising to be made which would be more than usual charges for similar work and under no circumstances, be in excess of the amount paid, and thereby create a claim against the county treasury in excess of the amount collected for such purposes.   Evidently the county treasury is to be protected by these provisions and not the individual clerk, and if this is true, is not the money collected to be paid to the county treasury, from which amount, thus paid, the expenses, referred to in the act, are to be cared for under the provisions of the salary act? The act of 1897 places no unusual duties on the clerk, except empowering him to designate the papers in which the license advertisements are to be published, in which respect it differs from former acts, and the reasons for the change may well be imagined, as being for political and revenue purposes of a private character, than for any public good.

There is nothing in the act which calls upon us to depart from the rule of law, relating to the fees of county officers, who are salaried officers, as laid down by the decisions referred to. The language of these decisions is clear and explicit and relates to all fees earned by county officers in discharging the duties cast upon them by law.

There is nothing in the act, which fairly can be interpreted, as giving the clerk fees, in addition to his salary.   By paying said fees, into the county treasury and having all legitimate expenses, authorized by the act, paid out of the county treasury, the money collected and all expenses connected therewith, can be appropriated and paid, by the proper officers in accordance with the provisions of the salary act and thus preserve a harmonious system of accounts.

To allow, that the money thus received, belongs to the clerk, a salaried officer, as additional compensation for services rendered, would be contrary to the express language of the constitution, which says, " All officers, who are or may be salaried, shall pay all fees, which they may be authorized to receive into the treasury of the county or state, as may be directed by law." The law regulates the time and manner of the payment, but, can it be successfully claimed that the legislature can pass an act of assembly, compensating a salaried officer with fees in addition to his salary and thereby render of no effect this provision of the constitution ?   We are

not disposed to depart from this constitutional mandate and the decisions of our courts of last resort unless we are compelled to do so.

Verdict and judgment for plaintiff for $5,380. Defendant appealed.

*Errors assigned* were (2) the court erred in basing its opinion on facts which were not set out in the case stated; (5) in directing judgment to be entered for the plaintiff on the case stated.

*William Wilhelm* and *James B. Reilly,* with them *S. B. Edwards,* for appellant.—The court incorporated facts in its order and decision which were not in the case stated. This was error: Luzerne County v. Glennon, 109 Pa. 564; Ford v. Buchanan, 111 Pa. 31; Commonwealth v. Howard, 149 Pa. 302; Loux v. Fox, 171 Pa. 68.

Money which is to be paid for printing and advertising prescribed by law cannot be treated as a fee: City v. Wright, 12 Phila. 467.

*S. H. Kaercher,* with him *D. W. Kaercher* and *Charles A. Snyder,* for appellee.—The constitution positively commanded the legislature to enact a law for the payment of county officers in counties having over 150,000 inhabitants exclusively by salary, not partly by salary and partly by fees: McCleary v. Allegheny County, 163 Pa. 578.

A salaried county officer cannot retain fees for the performance of any municipal duty imposed upon him by law: County of Schuylkill v. Pepper, 182 Pa. 13.

The word "fee" as used in the act of 1876 means "all fees pertaining to the county office, and which, from the character of the fees, the incumbent earned and received:" Commonwealth v. Mann, 168 Pa. 290.

OPINION BY MR. JUSTICE FELL, May 4, 1903:

The first assignment of error was withdrawn at the argument. The remaining assignments may be considered under two heads; those that relate to the form of the case stated, and those that raise the question of the defendant's right to

retain as fees of his office the money he received from applicants for liquor licenses.

A case stated should contain a clear statement of the facts agreed upon which give rise to the question presented for decision, and nothing should be left to inference. In deciding the case, the court is confined to the specific facts stated. Whatever is not distinctly and expressly agreed upon will be taken not to exist, and it is error to base a judgment on facts not set forth: Ford v. Buchanan, 111 Pa. 31; Mutchler v. Easton, 148 Pa. 441; Loux v. Fox, 171 Pa. 68. This rule was not violated in this case. The only question for decision was whether the defendant was entitled to retain money paid him as clerk of the courts of Schuylkill county in pursuance of section 3 of the act of July 30, 1897, by persons applying for liquor licenses, or whether this money was an earning of the office and belonged to the county under the act of March 31, 1876. The question put to the court in the last paragraph of the case stated was whether the defendant had " the right to retain the balance as his special fee in addition to his salary under the act of 1876." It was wholly unnecessary for the court to inquire whether the act of 1876 was in force in Schuylkill county, and to find the fact that the county contained more than 150,000 inhabitants. That the act of 1876 applied to the defendant was not questioned. It was assumed by the parties, and was a necessary and irresistible inference from the language in the case stated. In Luzerne Co. v. Glennon, 109 Pa. 564, relied on by the appellant, the question was whether the defendant was to be compensated according to the act of 1876. This depended entirely upon the population of the county at the time when he assumed the duties of his office. This was not agreed upon nor admitted, and the whole case turned upon it. The agreement as to the population was argumentatively stated, but the fact was left to be ascertained by inference by the court.

The question of the defendant's liability was correctly decided. The Act of March 31, 1876, P. L. 13, was passed to give effect to section 5 of article 14 of the constitution, which requires that in counties containing over 150,000 inhabitants, all county officers shall be paid by salary. The act provides that all fees received shall belong to the county; that all

county officers, their deputies and clerks, shall be paid for their services by fixed and specific salaries to be paid from the amounts paid into the county treasury from the office. The fee of $5.00 which the act of July 30, 1897, requires an applicant for a liquor license to pay to the clerk of the court of quarter sessions when he files his petition, is a fee of the office and like all other fees belongs to the county. The reasons assigned by the learned judge of the common pleas in support of his ruling on this subject are so clearly stated and so conclusive that further elaboration is unnecessary.

The judgment is affirmed.