# Rockwell v. Warren County, Appellants (No. 2).

*Practice, C. P.—Case stated—Facts—Inferences.*

A case stated should contain a clear statement of the facts agreed upon which give rise to the question presented for decision, and nothing should be left to inference.

On a case stated to determine whether oil and gas separately owned may be separately assessed for taxes, the case stated is fatally defective if it fails to state whether the land in which the oil and gas are owned is seated or unseated. A statement that the land apart from the oil and gas is assessed in the seated list, does not determine the character of the land.

Argued May 20, 1907.  Appeal, No. 76, April T., 1907, by defendants, from judgment of C. P. Warren Co., Sept. T., 1906, No. 7, for plaintiffs on case stated in suit of F. H. Rockwell & Company v. Warren County and E. D. Everts, Treasurer. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ.  Appeal quashed.

The case stated was as follows:

The following facts are agreed to in the nature of a special verdict for the opinion and judgment of the court thereon, to wit:

1. The plaintiffs are the owners of the right to the petroleum, oil and gas in and under all that certain piece or parcel of land, situate in the township of Cherry Grove, county of Warren, and state of Pennsylvania, known and designated on the map of said county as tract No. 690, containing 165 acres of land be the same more or less; all the other estate in said land, except such petroleum, oil and gas, is owned by other parties.

2. The Penn Tanning Company, the owner of the estate in said lot No. 690, except the right to the petroleum, oil and gas, is assessed with said lot No. 690, for the years 1904 and 1905, as seated land upon a seated assessment.

3. The oil, gas and mineral right in said lot 690 is assessed upon unseated assessments for the years 1904 and 1905, as follows:

For the Year 1904.

| No. of Tract | Reputed Owner | No. of Acres | Valuation | Remarks |
|---|---|---|---|---|
| 690 | F. H. Rockwell & Co. | 83 | $83 | Oil, Gas and Mineral Right |

For the Year 1905.

| No. of Tract | Reputed Owner | No. of Acres | Valuation | Remarks |
|---|---|---|---|---|
| 690 | F. H. Rockwell & Co. | 83 | $40 | Oil, Gas and Mineral Right |

4. The taxes assessed as stated in the preceding third paragraph upon the oil and gas in said lot No. 690 are unpaid, and the land assessed therefor is now advertised for sale for the second Monday of June, 1906, as required by law in case of unseated lands, by E. D. Everts, the treasurer of the county of Warren.

5. There has not been any development of the petroleum, oil

or gas on said lot No. 690. No petroleum, oil or gas has yet been found or produced upon said lot, and it is not known that any petroleum, oil or gas exists, or is contained in said lot. But said mineral interest has a speculative monied value, and petroleum, oil and gas have been produced in paying quantities upon adjoining tracts, and such mineral interests in said township of Cherry Grove have been generally assessed for these years.

If the court be of the opinion that there is no authority to assess the said separate estate of petroleum, oil or gas under the facts agreed upon, then judgment to be for the plaintiffs with costs. But if the court be of opinion that the petroleum, oil and gas right may be assessed under the facts agreed upon, then judgment to be for the defendants with costs ; reserving to the parties hereto the right to appeal from said judgment to the appropriate appellate court or courts.

*Error assigned* was in entering judgment for plaintiffs on case stated.

*W. W. Wilbur*, for appellants.

*D. I. Ball*, for appellees.

PER CURIAM, October 7, 1907 :

A case stated should contain a clear statement of the facts agreed upon which give rise to the question presented for decision, and nothing should be left to inference : Schuylkill County v. Shoener, 205 Pa. 592, and cases therein cited. In addition to the objections to the case stated which are referred to in the preceding case between the same parties and apply as well in this case, there is the objection that it does not appear whether the land in which the oil and gas are owned by the plaintiffs is seated or unseated. The only information the case stated gives upon the subject is that the land apart from the oil and gas is assessed in the seated list, but that fact does not determine the character of the land. For a further statement of our reasons for the order about to be made, we refer to the preceding case.

The case stated and all proceedings under it are quashed and set aside.