# Staten Island Rapid Transit Railway Company, Appellant, *v.* Hite.

*Practice, C. P.—Case stated—Insufficiency of statement as to facts.*

1. In the consideration of a case stated it is necessary that all of the facts essential to the determination of the question be agreed upon. The court cannot go outside of the case stated for its facts, nor can it assume them by way of inference. What is not set forth as admitted must be taken not to exist.

2. Where the parties to a cause agree that the court shall pass upon a statement of claim and the affidavits of defense, as a case stated, a judgment thereon will be reversed and the case stated quashed, if the appellate court on inspection of the documents finds that they did not exhibit a concurrence of the facts material to a determination of the case.

Argued Oct. 7, 1909. Appeal, No. 70, Oct. T., 1909, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1908, No. 4,727, for defendant on case stated in suit of Staten Island Rapid Transit Railway Company v. John Y. Hite and Louis Rafeto, Copartners. Before RICE, P. J., HENDERSON,

528 STATEN ISLAND RAP. T. RY., Appellant, *v.* HITE.

Statement of Facts—Opinion of the Court.    [41 Pa. Superior Ct.

Morrison, Orlady, Head, Beaver and Porter, JJ.  Reversed.

Assumpsit to recover demurrage charges on cars.  Before Wiltbank, J.

The opinion of the Superior Court states the case.

The court entered judgment for defendant.  Plaintiff appealed.

*Error assigned* was in entering judgment for defendant.

*W. B. Linn,* for appellant.

*William A. Glasgow, Jr.,* with him *D. Stuart Robinson,* for appellee.

Opinion by Henderson, J., March 3, 1910:

The plaintiff's claim is for demurrage charges growing out of the alleged neglect of the defendants to receive coal shipped to them on cars consigned to St. George, Staten Island, Coal Piers.  An affidavit of defense was filed and when the case came on for argument on a rule for judgment for want of a sufficient affidavit of defense it was agreed by the counsel for the respective parties that the statement of claim and the affidavit of defense and amendment thereof be treated as a case stated for the judgment of the court, all facts therein set forth being admitted to be true for the purposes of the case, and judgment was afterward entered for the defendants thereon.  The arguments presented on the hearing of this appeal show that the litigants are not agreed as to the facts, and that their contentions are more appropriate to the consideration of a rule for judgment for want of a sufficient affidavit of defense than to a case stated.  The declaration avers that the plaintiff is a common carrier of bituminous coal and coke engaged in interstate commerce, and that in the course of business it received from its connecting carrier for transportation over its line of road cars containing coal and coke received for the account of the defendant and consigned for transshipment

by water at St. George, Staten Island, Coal Piers on the line of the plaintiff's road; to which declaration is annexed a statement showing the numbers of the cars and the respective dates of their arrival at the piers and also the dates of unloading or reconsignment of the cars for the calculation of the amount due for detention. A copy of the defendant's demurrage rules is also set forth in the declaration, together with an agreement in writing of the defendants with the plaintiff for "an average basis" for settlement for detention. The declaration contains, therefore, an averment of complete performance of the contract of transportation by delivery of the cars at the piers, and it is with reference to this feature of the case that the failure of the parties to agree on the facts appears, for while the affidavit of defense does not expressly deny the arrival of the cars at the piers it does allege that the plaintiffs have charged them with demurrage beginning with the day of the arrival of the cars in the yards of the plaintiffs and it is alleged in the argument that these yards are miles away from the terminus agreed upon in the contract and set forth in the declaration. If we were considering the case on the rule for want of a sufficient affidavit of defense it might be argued with great confidence by the appellant that inasmuch as the declaration sets forth that the cars arrived at the piers the failure of the defendant to deny that allegation specifically would render the affidavit of defense insufficient without an averment that the piers and. the yards were not in fact the same place. But in the consideration of a case stated it is necessary that all of the facts essential to the determination of the question be agreed upon. The court cannot go outside of the case stated for its facts, nor can it assume them by way of inference. What is not set forth as admitted must be taken not to exist: Berks County v. Pile, 18 Pa. 493; Com. v. Howard, 149 Pa. 302. The arguments of the counsel on the respective sides indicate that it might be an important matter of fact whether the cars arrived at the piers or at a storage yard of the plaintiff remote from the point where the delivery of the coal was to be made and to which the contract of transportation obligated the plaintiffs to take it. Rule 2 of the plaintiff's demurrage rules

makes the "date of arrival of the cars" the starting point for the computation of demurrage, and the important question in the case is, When did the cars arrive? and that question could only be determined by knowing whether the arrival at the yards of the plaintiff at which time the defendants say the plaintiff's computation commenced was practically at the piers to which the freight was consigned. The opinion of Judge McPherson in Cent. R. R. Co. of N. J. v. Hite et al., 166 Fed. Repr. 976, and the opinion of Judge Gray in the judgment of the United States circuit court of appeals in the same case on the consideration of the demurrage rule with particular reference to the words "date of arrival" are authorities of weight and well reasoned on the facts there presented. No contract of freightage or bill of lading was shown in that case, however, and the understanding was that the obligation of the carrier was to deliver the coal at tide water at Elizabethport. It further appeared from the testimony that the universal custom and practice in the conduct of the business at that port was that on the arrival of a shipment of coal from any shipper or consignor the cars containing the same were placed in the yard of the defendant company within convenient reach of its pier in the harbor and that when the company received notice that a vessel was placed alongside the pier by the shipper the cars were shunted onto the pier. It was accordingly held that when the cars were delivered in the yard of the company at the pier they had "arrived" within the meaning of the demurrage rules. This conclusion was reached as will be noted, however, on proof of the practice in the conduct of the business at that place and without evidence by bill of lading or other writing of the precise terms of the contract of shipment. It may be that the facts susceptible of proof in the appellant's case bring it within the reasoning of the opinions referred to, but we are unable to find in the affidavit of defense an agreement that an arrival at the yards of the company was an arrival at the pier. The appellant urges that the appellee by uniting in the stipulation for a case stated has admitted all the averments of the declaration. In like manner it may be replied the appellant admits the averments of the

affidavit of defense and unless these documents exhibit an agreement on the facts material to a determination of the case there is no harmony of the parties as to what the facts are. We are of the opinion that the declaration and affidavit of defense and the supplemental affidavit of defense do not show an agreement on the facts as to a material feature of the case.

The judgment is therefore reversed, the case stated quashed and the record remitted to the court below with a procedendo.