Kelly et al., Appellants, *v.* Urban et ux.

Argued April 18, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Edward P. Doran,* for appellants.

No appearance was made nor brief filed for appellees.

*Louis Rosenberg,* Special Deputy Attorney General, for Commonwealth.

PER CURIAM, June 27, 1939:

This was an amicable action and case stated in assumpsit, brought for the purpose of determining whether in the circumstances recited in the case stated, the plaintiffs, administrators, etc. of Michael J. Kelly, deceased, can convey to the defendants a good and sufficient title to a described lot of ground in the Borough of Mount Pleasant, (1) without an order of the orphans' court, (2) without the heirs of Michael J. Kelly joining therein, (3) without the liens of certain judgments being satisfied, and (4) without the payment of transfer inheritance tax.

The lower court ruled that the plaintiffs, as adminis-

trators etc. of Michael J. Kelly, deceased, could make a good and sufficient title for the land in question clear of all encumbrances, without an order of the orphans' court, without the heirs-at-law of Michael J. Kelly, deceased, joining therein and without the real estate being subject to the liens of the judgments set forth in the case stated; but that the real estate was subject to the payment by the plaintiffs of transfer inheritance tax, and entered judgment in accordance therewith, from which plaintiffs appealed.

Unfortunately in making its findings and entering its judgment the learned court did not confine itself to the facts as contained in the case stated, but restated the facts in different form and also found certain facts not set forth in the case stated. This it had no power to do: *Com. v. Howard,* 149 Pa. 302, 305, 24 A. 308; *Berks County v. Pile,* 18 Pa. 493; *Schuylkill County v. Shoener,* 205 Pa. 592, 597, 55 A. 791; and in consequence the judgment must be set aside: *Diehl v. Ihrie,* 3 Wharton 143, 149. See also, *Andrus v. Shippen Twp.,* 36 Pa. Superior Ct. 22, 24; *Frailey v. Supreme Council A. L. of H.,* 132 Pa. 578, 20 A. 684; *Staten Island R. T. Co. v. Hite,* 41 Pa. Superior Ct. 527; *Mutchler v. City of Easton,* 148 Pa. 441, 23 A. 1109. A case stated is in the nature of a special verdict and cannot be changed as to its facts or helped by inferences: *Loux & Son v. Fox,* 171 Pa. 68, 71, 33 A. 190; *Diehl v. Ihrie,* supra.

If on reconsideration of the matter by the court below, any essential fact necessary for the decision of the case is found to be lacking in the case stated, it should be quashed: *Ford v. Buchanan,* 111 Pa. 31, 2 A. 339.

We may add that as the Commonwealth is not a party to the case stated, its right to collect a transfer inheritance tax, if any, cannot be affected by the disposition of the case stated.

The judgment of the court below is set aside and the record is remitted for further proceedings on the case stated as filed.