## National Freight Bureau *v.* D. B. Martin Company, Appellant.

*Practice, C. P.—Case stated—Irregular practice.*

A writing filed after a case is at issue and jury trial waived, setting forth the facts to which the witnesses would testify, followed by a stipulation as to entry of judgment by the court, cannot be sustained as a case stated, but will be treated as an agreement to try by the court without a jury.

*Contract—Parol testimony—Evidence—Trial without jury.*

In an action upon a written contract where the contract expressly provided that the defendant shall pay to the plaintiff "fifty per cent. of all moneys refunded by the transportation companies to the defendant" through his audit of freight bills, and there is no allegation of fraud, accident or mistake, the court cannot, in trying the case without a jury, consider parol evidence to the effect that the plaintiff was only to receive fifty per cent. of the net refunds.

Argued Oct. 8, 1915. Appeal, No. 36, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., March T., 1914, No. 39, on case tried by the court without a jury in suit of National Freight Bureau to use of Edward Norton Getzler, trading as National Freight Bureau, v. D. B. Martin Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on a written contract. Before CASSIDY, J.

The contract upon which the suit was based was as follows:

National Freight Bureau
Auditors of Freight Bills
Greenwich and Warren Street.

No. B. A. 4227.    New York, N. Y.

Philadelphia, Pa., Oct. 3, 1911.

For the auditing of the undersigned's freight bills from January 1, 1907, to Oct. 3, 1911, by the National Freight Bureau, this subscriber agrees to pay the Na-

tional Freight Bureau one cent for each freight bill examined. The undersigned also agrees to pay the National Freight Bureau 50 per cent. of all moneys refunded to them from the audit of the above mentioned freight bills.

Accepted.

(sgd.)　National Freight Bureau.

　　　　　　　　　　Subscriber (sgd.) D. B. MARTIN Co.

　　F. L. GETZLER　　　　　　　F. V. ENGLISH

　　　　　Address 30th & Market streets.

The facts appear by the opinion of the Superior Court.

The court entered judgment for plaintiff for $180.28. Defendant appealed.

*Error assigned* was in refusing to enter judgment for defendant n. o. v.

*Horace Michener Schell,* for appellant.

*G. Harry Ditter,* of *Ditter & Ditter,* for appellee.

OPINION BY RICE, P. J., April 17, 1916:

This action of assumpsit was founded on a written contract whereby the defendant agreed to pay the plaintiff one cent for each freight bill examined and audited by the latter, and 50% of all moneys refunded by the transportation companies to the defendant through this audit of the freight bills. The case being at issue, and jury trial waived, the counsel filed and submitted to the court, in place of evidence, a writing erroneously called a case stated, in which were set forth the facts to which the witnesses would testify followed by a stipulation that if the court should be of opinion that the plaintiff was to receive 50% of the gross refunds, then judgment should be entered for the plaintiff in a certain sum, but if the court should be of opinion that the plaintiff was only to receive 50% of the net refunds, then judgment should be entered for the defendant. By opinion filed the trial

judge directed judgment for the plaintiff for the stipulated amount.    Subsequently the defendant moved for judgment in its favor n. o. v. and on this appeal the refusal of this motion is the only matter assigned for error. No exception was taken to any ruling upon any question of evidence.

The proceedings were irregular and not to be commended as a precedent.    They cannot be sustained as a case stated for in that form of proceeding as understood in Pennsylvania practice, there should be a clear statement of the facts agreed upon which give rise to the question presented for decision, and nothing should be left to inference: Schuylkill Co. v. Shoener, 205 Pa. 592.    As in a special verdict, the facts must be distinctly and expressly agreed upon and set forth as admitted, and not left to be inferred from mere evidence: Williamsport v. Lycoming County, 34 Pa. Superior Ct. 221.

But treating the proceedings as a trial by the court without a jury, as they probably should be, the so-called case stated sufficiently shows an agreement as to the relevant facts upon which the proper determination of the assignment of error depends.

1. A considerable part of the appellant's argument is based on the admission in the so-called case stated that F. W. English would testify that the intention of the parties at the time the contract in suit was executed was that in no event should the plaintiff receive more than 50% of all moneys refunded to the defendant from the audit of the defendant's freight bills, after deducting from the amount refunded the amount of expenses incurred, and that the writing termed "reverse side" was endorsed on the back of the original contract to express and to guarantee the carrying out of that intention.    On the other hand it was stipulated that an officer of the plaintiff would testify that the intention of the parties was not to that effect, but on the contrary the writing expressed the entire agreement.    If the case had been tried before a jury and the witnesses had given the con-

flicting testimony it was agreed they would, and assuming for a moment that the question of the intention of the parties was the proper subject of parol testimony, it is apparent that the court could not have charged the jury that their verdict must be for the defendant; and this is the test by which to determine whether judgment n. o. v. should have been entered: Dalmas v. Kemble, 215 Pa. 410.

2. But the court was right in holding that the parol testimony referred to would not be competent. By the terms of the written contract the defendant agreed to pay the plaintiff 50% "of all moneys refunded." This language is free from ambiguity, and there is nothing in the writing endorsed on the back of the contract to modify or explain its meaning. The case is not within the principle that parol evidence is admissible to describe or define the subject-matter of a writing which by its terms is ambiguous. It follows that in the absence of allegation and proof that something was omitted from the contract by fraud, accident or mistake, the writing is presumed to express the intention of the parties and it is not competent for either of them to overthrow it by his bald statement that the intention was different from and contradictory of that which they deliberately expressed.

It results from either of these views of the case that the correctness of the judgment depends upon the proper construction of the written contracts and the admitted facts. The conclusion reached by the court upon that question is amply vindicated by the clear and satisfactory opinion of the learned trial judge.

The judgment is affirmed.

The opinion in the above mentioned case was written by Judge RICE, to whom the case was duly assigned for that purpose during his term of office, and is now adopted as the opinion of the court.