## Aufrecht v. Smoyer Brass Products, Inc. No. 2

*Hyman Rockmaker,* for plaintiff.

*Isadore Rapoport,* for defendant.

HENNINGER, P. J., October 10, 1949.—The pertinent chronology in this case is as follows: January 24, 1949: Case called; jury sworn; continued for disposition in argument court. March 7, 1949: Stipulation of agreed facts and exhibits filed. May 16, 1949: Argued; exhibits given to the court. June 13, 1949: Opinion and order of court. June 13, 1949, judgment is entered in the above case stated in favor of plaintiff and against defendant for the sum of $3,160 with interest from January 26, 1948, and costs. June 13, 1949: Service accepted August 13, 1949, Groman & Rapoport, for defendant. June 29, 1949: Exception to court's opinion. June 29, 1949: Motion to strike off judgment. September 19, 1949: Argued.

Defendant's exceptions, filed within the 30 days provided for exceptions to a decision upon trial without jury (Act of April 22, 1874, P. L. 109, sec. 2, 12 PS §689), object (1) to our designating the matter as a case stated, (2) to our holding that the receivers were operating the business of Tri-United Plastics Corporation, (3) and that the name Tri-United as used in the agreement referred to operation by the receivers as well as by the officers of the corporation, and (4) to the entry of judgment.

We were obviously in error in referring to the case as a case stated. While the syllabus is stronger than the opinion, National Freight Bureau v. D. B. Martin Company, 62 Pa. Superior Ct. 474, 476, is sound authority for the proposition—and our docket entries support it —that the proceeding before us was a trial without jury and not a case stated.

In a case stated, the parties submit an agreed statement of facts for the *judgment* of the court, subject to appeal, if that right has been reserved; a trial without jury upon admitted facts is submitted for the *decision* of the court, subject to exceptions and their review by the court before any judgment is rendered. There is no value in seeking to explain the court's error; the fact remains that the error was made and the entry of judgment was premature.

Judgment was rendered on June 13, 1949, and notice of its entry accepted by defendant's counsel on that date. The term return day was June 20, 1949; motion to strike off the judgment was made on June 29, 1949. Defendant has not appealed from the judgment and therefore if it was final and not subject to attack as to its regularity after June 20, 1949, defendant would be concluded by the judgment.

No court would willingly permit a party to suffer through its error and, therefore, if we may, we should relieve plaintiff from the burden of our premature judgment.

The situation here presented is an unusual one, so we could find no direct authority for defendant's relief. The judgment here entered was an adverse judgment and therefore subject to the rule that the court loses jurisdiction over it at the expiration of the term in which it was rendered unless defendant can bring himself within a well-recognized exception to the rule.

In Kantor v. Herd et al., 276 Pa. 519, 524, it is suggested that the court is not strictly bound by the term rule in a statutory proceeding. In Salus et al. v. Fogel, 302 Pa. 268, 271, it was held that where the judgment is entered on the last day of the term it is inequitable to refuse to consider a motion to open which must of necessity be made after the term in which the judgment was rendered. Furthermore, a judgment irregularly entered may be opened or stricken off after

the term: Trestrail v. Johnson, 297 Pa. 49; Haverford Township School District v. Hertzog, 314 Pa. 161; Kappel v. Meth, 125 Pa. Superior Ct. 443, 450. As plaintiff points out, all these cases are distinguishable on their facts, but the principles are so often reiterated that we have the right to apply them to this case.

In our case, the judgment was irregular, the procedure was statutory and it was entered within a week of the expiration of the term and defendant's rule to strike was entered only nine days after the expiration of the term and within the 30 days permitted for it to take appropriate action if the court's action had been appropriate.

Furthermore, an appeal by defendant from a *decision* of the court—the only action the court had the power to take—would have been premature: McDermott v. Blank, 230 Pa. 392, 394; Storm v. City of Scranton, 77 Pa. Superior Ct. 283, 287. Defendant was faced, therefore, with the dilemma of making a futile appeal or taking the action it took. We believe it took the wiser course and that it is entitled to relief.

Having stricken off the judgment, we treat the opinion and order of the court as a decision upon trial without jury, even at the risk of further complicating the proceedings. We do so, however, because the facts are simple and undisputed, the applicable law has been fully discussed, exceptions have been filed and argued before the court in banc and nothing could be gained by further argument.

We believe that nothing can be added to our discussion of the law in the former opinion. Defendant asks us to hold that Tri-United, a corporation run by its officers and Tri-United, a corporation whose business was being conducted by court appointed receivers were different entities. We have fully discussed our dissent from this proposition in the former opinion and therefore will dismiss the exceptions and enter

a judgment from which an appeal will lie, if defendant decides to appeal.

Now, October 10, 1949, the judgment entered in the above-captioned action on June 20, 1949, is stricken off, the opinion that day filed is amended to be a decision adverse to defendant upon trial without jury upon stipulated facts and defendant's exceptions to that decision are dismissed and judgment is now entered in favor of Frank J. Aufrecht and against L. M. Smoyer Brass Products, Inc., for the sum of $3,160 with interest from January 26, 1948, and costs.