County of Allegheny et al., Appellants *v.* Allegheny County Prison Employees' Independent Union, an unincorporated association, by Donald Givens and Richard Harris, Trustees ad litem, Appellees.

Argued May 6, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, CRAIG and WILLIAMS, JR. Judge MAC-PHAIL did not participate.

*Alexander J. Jaffurs*, County Solicitor, with him *Henry W. Ewalt*, Assistant County Solicitor, for appellants.

*Samuel J. Pasquarelli*, *Jubelirer, Pass & Intrieri*, P.C., for appellees.

OPINION BY JUDGE MENCER, August 4, 1980:

The County of Allegheny (County) appeals from an order of the Court of Common Pleas of Allegheny County, which determined that an arbitration award, favorable to the Allegheny County Prison Employees' Independent Union (Union), was mandatory and binding on the County. Since the appeal was untimely, we dismiss the County's appeal.

This matter was submitted to the lower court as a "Stipulation and Presentation of Case Stated." The lower court entered its decision and order on June 21, 1979, and the County filed an appeal on July 17, 1979. Since no exceptions were filed, the Union, on July 18, 1979, filed a praecipe for entry of judgment, which was granted by the court.

The Union argues that the County's appeal should be quashed because the County failed to file exceptions

within 10 days, as required by Pa. R.C.P. No. 1038(d).[1] We agree. In *Lundvall v. Camp Hill School District*, 25 Pa. Commonwealth Ct. 248, 252, 362 A.2d 482, 484 (1976), we determined that "no appeal will lie from a decision of the trial judge sitting without a jury unless exceptions are filed in the court below and disposed of there." *See also Ravenell v. Harrisburg Housing Authority*, 29 Pa. Commonwealth Ct. 167, 370 A.2d 761 (1977); *Blake v. Mayo Nursing & Convalescing Home, Inc.*, 245 Pa. Superior Ct. 274, 369 A.2d 400 (1976); *Frankel v. Reliance Mutual Life Insurance Co. of Illinois*, 199 Pa. Superior Ct. 295, 184 A.2d 305 (1962).

The County argues, however, that the matter below was a case stated, from which an appeal could be taken to this court without first taking exceptions. We disagree. In a case stated, the parties submit an agreed statement of facts and request entry of *judgment* by the court upon the facts stated. *Aufrecht v. Smoyer Brass Products, Inc.*, 70 Pa. D. & C. 205 (1949); 6 Standard Pennsylvania Practice 40 (1960). The judgment thus entered is final, and no exceptions are necessary prior to the taking of an appeal. *Frankel v. Reliance Mutual Life Insurance Co. of Illinois*,

---

[1] Rule 1038 reads, in pertinent part:

Rule 1038. Trial without Jury

....

(d) Within ten (10) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. No motion for a new trial, for judgment non obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed.

*supra.* A case stated is distinguished from a trial without jury upon a stipulation of facts in that, in a trial without jury, the parties submit an agreed statement of facts. The court then renders a *decision,* which is subject to exceptions and review by the court before any judgment is entered. *Aufrecht v. Smoyer Brass Products, Inc., supra;* 6 Standard Pennsylvania Practice, *supra* at 40.

Here, the parties did not ask the court to render *judgment* but simply concluded, after delineating the facts: "All of the parties hereto, through counsel, do hereby stipulate and agree to the foregoing." It has long been settled that no judgment will be entered on a case stated in the absence of an agreement that one will be entered. *Berks County v. Pile,* 18 Pa. 493 (1852). Nor will judgment be entered if, as here, the case stated does not state the exact amount for which judgment is to be entered, or a method whereby such amount is to be determined. 6 Standard Pennsylvania Practice, *supra* at 49, 54; *Berks County v. Pile, supra.* Failure to inform the court respecting the form and substance of the judgment to be entered and to specifically agree that it should be entered is fatal to the case stated. *Morgan v. Mercer County,* 8 Pa. Superior Ct. 96 (1898).

The lower court, recognizing that the "Stipulation and Presentation of Case Stated" was nothing more than a stipulation of facts, was compelled to enter a *decision* and *order,* to which exceptions had to be filed in order to preserve the issues on appeal. Pa. R.C.P. No. 1038(d). If the lower court had entered judgment on this defective case stated, we would have been required to reverse the judgment. *Holmes v. Wallace,* 46 Pa. 266 (1863); 6 Standard Pennsylvania Practice, *supra* at 49.

Moreover, even if this matter can conceivably be construed as a proper case stated, nevertheless the

judgment of the court on a case stated is final unless the agreement to the case expressly reserves the right to an appeal. *Commonwealth v. Callahan*, 153 Pa. 625, 25 A. 1000 (1893); *Sweeney v. Lakeland School District*, 13 Pa. Commonwealth Ct. 485, 319 A.2d 207 (1974); *Graham v. Schuylkill County*, 16 Pa. Superior Ct. 180 (1901). Here, since the parties did not expressly reserve their right to appeal, the judgment of the lower court is final.

Appeal dismissed.

### Order

And Now, this 4th day of August, 1980, the appeal of the County of Allegheny from the order of the Court of Common Pleas of Allegheny County, dated June 21, 1979, granting relief to the Allegheny County Prison Employees' Independent Union, relative to an arbitrators' award of May 5, 1976, is hereby dismissed.