Wedgewood Associates, Appellant *v.* Caln Township, Appellee.

Argued September 11, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*John C. Snyder*, with him, *Robert W. Lentz, Lentz, Riley, Cantor, Kilgore & Massey, Ltd.*, for appellant.

*Sandra K. Slade*, with her *Ronald M. Agulnick, Agulnick, Supplee & Johnson*, for appellee.

OPINION BY JUDGE BLATT, November 17, 1980:

Caln Township (appellee) seeks to quash the appeal of Wedgewood Associates (appellant) from a decision of the Court of Common Pleas of Chester County which denied the appellant recovery of moneys paid under protest for sewer rents billed by the appellee.

After the appropriate pleadings had been filed in the court below, the appellant filed a Certificate of Readiness and requested the prothonotary to place the matter on the list for trial without a jury, to which the court administrator responded that the case was "scheduled for Trial without Jury . . . on November 2, 1979." On that date the parties submitted a Stipulation of Facts which eliminated all factual issues from the case.

On March 10, 1980, the lower court entered its decision in favor of the appellee, finding that the appellant had failed to prove by a preponderance of the evidence its right to recover damages. The appellant did not file exceptions but, rather, filed an appeal with this Court, in response to which the appellee filed a motion to quash, contending that since, in the instance of a trial without a jury, Pa. R.C.P. No. 1038(d) requires the filing of exceptions "[w]ithin ten (10) days after notice of the filing of the decision" and further states that "[m]atters not covered by exceptions are deemed waived,"[1] the appellant, by failing

---

[1] Pa. R.C.P. 1038(d) provides:

Within ten (10) days after notice of the filing of the decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence

to file exceptions, had nothing preserved for review on appeal.

The appellant asserts that, because the case was adjudicated in the court below upon an agreed stipulation of all the essential facts, there had not been a trial without a jury, where exceptions would have been appropriate, but there had been a case stated, from which an appeal could be taken to this Court without first taking exceptions to the ruling of the court below.

The appellant's contention that this case was a case stated must fail for want of two essential elements. The agreed statement of facts submitted by the parties for the judgment of the court must not only inform the court respecting the form and substance of the judgment to be entered but must also contain a specific and mutually agreed upon request for judgment. *County of Allegheny v. Allegheny County Prison Employees' Independent Union,* 53 Pa. Commonwealth Ct. 350, 417 A.2d 864 (1980); *Berks County v. Pile,* 18 Pa. 493 (1852); *Forney v. Huntingdon County,* 6 Pa. Superior Ct. 397 (1898). It is also essential that the parties expressly reserve in the agreement the right to an appeal; in its absence, the judgment in a case stated is considered to be final and non-appealable. *County of Allegheny v. Allegheny County Prison Employees' Independent Union, supra; Commonwealth v. Callahan,* 153 Pa. 625 (1893); *Morgan v. Mercer County,* 8 Pa. Superior Ct. 96 (1898).

In *County of Allegheny, supra,* where the case had been submitted to the court below as a ''Stipulation

---

or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. No motion for a new trial, for judgment non obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed.

and Presentation of Case Stated," the appeal to this Court was quashed for failure to take timely exceptions. We determined that the case had been properly tried below as a trial without a jury because, by failing in their written agreement both to agree specifically that judgment should be entered and to reserve the right to an appeal, the parties had failed to fulfill the requirements of a case stated.

Here, while the Stipulation of Facts contains a statement of the amount in issue, it, likewise, fails to provide for specifically or to request that judgment be entered, nor does it reserve the right to an appeal. It is, therefore, fatally flawed as a case stated.

We also delineated another essential difference in *County of Allegheny, supra,* between a trial without a jury upon a stipulation of facts and a case stated:

> In a case stated, the parties submit an agreed statement of facts and request entry of *judgment* by the court upon the facts stated . . . . The judgment thus entered is final, and no exceptions are necessary prior to the taking of an appeal . . . . [In] a trial without jury upon a stipulation of facts . . . the parties submit an agreed statement of facts. The court then renders a *decision,* which is subject to exceptions and review by the court before any judgment is entered. (Emphasis in original.)

417 A.2d at 866. Here, the case was commenced, proceeded with and disposed of as a suit in assumpsit tried before a judge without a jury, and the court below rendered a decision, characteristic of a trial without a jury, not a judgment on the facts, as in a case stated. It is well settled that an appeal brought from a determination of a lower court which is not a final judgment is premature, *Ravenell v. Harrisburg Housing Authority,* 29 Pa. Commonwealth Ct. 167, 370 A. 2d 761 (1977), and, by failing to file exceptions with-

in the ten-day time limit prescribed by Pa. R.C.P. No. 1038(d), the appellant has waived his right to raise this matter on appeal. In *Lundvall v. Camp Hill School District*, 25 Pa. Commonwealth Ct. 248, 252, 362 A.2d 482, 484 (1976), we restated the principle that "no appeal will lie from a decision of the trial judge sitting without a jury unless exceptions are filed in the court below and disposed of there." Consequently, we must hold that there is nothing now in the record for this Court to decide.

The appellant requested a trial without a jury and subsequently did nothing to conform the agreed-to stipulation of facts to the requirements of a case stated. He cannot be heard now, therefore, to assert the existence of a case stated in an effort to prevent the quashing of an improperly sought appeal.

In view of the foregoing, the appellee's motion to quash must be granted.

ORDER

AND Now, this 17th day of November, 1980, Caln Township's Motion to Quash is hereby granted.