433 A.2d 522

**Steve LEVY, Appellant,**

v.

**CAPITAL CITIES COMMUNICATIONS, INC.**

Superior Court of Pennsylvania.

Argued June 24, 1981.

Filed Aug. 7, 1981.

John I. McMahon, King of Prussia, for appellant.

Elihu A. Greenhouse, Philadelphia, for appellee.

Before HESTER, CAVANAUGH and DiSALLE, JJ.

PER CURIAM:

This is an "Action for Declaratory Judgment–In Equity" [1] filed by the plaintiff, Steve Levy, against the defendant, Capital Cities Communications, Inc., asking the court to declare invalid a restrictive covenant prohibiting plaintiff, a television sportscaster and sports reporter, from working for any television station within a 50 mile radius of the City of Philadelphia for a period of one year following termination of the contract between plaintiff and defendant.

At the close of plaintiff's case, the court below granted defendant's motion for "binding findings of fact" and dismissed the Action. At this point, plaintiff's counsel requested the court to make findings of fact and conclusions of law and advised the court that he intended to file written requests.[2] The hearing judge agreed and permitted each side to file such requests and the same were filed. The court's order dismissing the Action was entered on May 12, 1981. The order further provided that "the parties are granted to leave to file Exceptions within ten (10) days from the entry of such Findings and Conclusions." On May 20, 1981, before the lower court's adjudication was filed, the plaintiff filed a notice of appeal to this court from the order of May 12, 1981. On June 17, 1981, the hearing judge filed an Adjudication and Decree containing detailed Findings of Fact and Conclusions of Law. No exceptions were filed by plaintiff to the Adjudication and Decree. The defendant has filed a motion to quash the appeal, citing plaintiff's failure to file exceptions pursuant to the lower court's order

1. Declaratory Judgments Act, 1976, July 9, P.L. 586, No. 142, Sec. 2, effective June 27, 1978 (42 Pa.C.S.A. § 7531 et seq.)

2. "Mr. McMahon: May the Court please, I will file written requests, but would the Court take note of the fact I would like the findings of fact and conclusions of law, Sir?"

of May 12, 1981, and plaintiff's failure to comply with either Pa.R.C.P. 1038 (Trial without Jury) or Pa.R.C.P. 1518 (requiring the filing of exceptions in an Equity action). We have recently held that we will not entertain appeals on this state of the record. *Matczak v. Matczak*, 275 Pa.Super. 164, 418 A.2d 663 (1980); *see also Wedgewood Associates v. Caln Township*, 54 Pa.Cmwlth. 557, 422 A.2d 1190 (1980).

■ Accordingly, the appeal is quashed and the case remanded for the purpose of giving the plaintiff an opportunity to file exceptions below.[3]

**3.** While not passing on the merits of the matter before us, we note that since the Action was dismissed at the close of the plaintiff's case, the defendant-employer offered no evidence whatsoever to show that the instant covenant was reasonably necessary for the protection of its interests, a fact which must be established before Pennsylvania Courts will enforce such covenants. *See Sidco Paper Company v. Aaron*, 465 Pa. 586, 351 A.2d 250 (1976) and cases therein cited. Nor does the record disclose whether the covenant was broader than reasonably necessary to protect the employer. *Sidco*, supra.