In Re: Fox Chapel Area School District and the Township of Indiana v. The County of Allegheny et al.

Fox Chapel Area School District, Appellant.

Argued October 9, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*John Winship Read,* with him, *Rodney G. Hoffman, Kirkpatrick, Lockhart, Johnson & Hutchison,* for appellant, Fox Chapel Area School District.

*Patrick J. Basial,* for appellant, Township of Indiana.

*Thomas M. Rutter, Jr.,* with him, *William C. Andrews, Goehring, Rutter & Boehm,* for appellee, Pittsburgh National Bank.

*James H. McLean,* with him, *William P. Bresnahan,* for appellee, County of Allegheny.

*William J. Fahey,* with him, *John M. Silvestri,* for appellee, Board of Property Assessment, Appeals and Review.

OPINION BY JUDGE WILLIAMS, JR., January 18, 1982:

This matter comes before us on an appeal by the Fox Chapel Area School District and Indiana Township, Allegheny County, from an adverse non-jury ver-

dict and order of the Court of Common Pleas of Allegheny County. The appellants, as plaintiffs below, had instituted an action in assumpsit against Allegheny County, the Board of Assessment Appeals of Allegheny County,[1] and the Pittsburgh National Bank, seeking a money judgment.

In their response to the instant appeal, the appellee-defendants have included a motion to quash the appeal. That motion we directed to be heard at the same time as the argument on the merits of the underlying appeal.

The plaintiffs' suit below sought to invalidate a certain previously granted exemption from real estate taxes, and to recover from the defendants a money judgment for the taxes that would otherwise have been collected from the involved property for the years 1970 through 1974. The plaintiffs' complaint in assumpsit alleged that officials of Allegheny County, including county tax officials, had illegally, improperly, and by malfeasance granted the tax exemption, thus depriving the plaintiffs of the tax revenues for those five years. The owner of the property had died prior to the suit; and the Pittsburgh National Bank was named as a defendant because it was the executor of the deceased owner's estate. That is, the plaintiffs were also trying to hold the estate liable for the taxes. The suit was filed in December 1976.

In December 1969, one Mary Flinn Lawrence conveyed to Allegheny County a 464 acre tract of land, located partly in Indiana Township and partly in Hampton Township. The price paid by Allegheny County for the tract was in excess of $993,000; and, the land was intended for use as a public park. Out of this tract Mrs. Lawrence reserved for herself a life

---

[1] The complete name of this defendant is the "Board of Property Assessment, Appeals and Review, Allegheny County."

estate in 58 acres,[2] on which she maintained her residence until her death in October 1974. The 58 acres in which Mrs. Lawrence had a life estate are located entirely within the boundaries of Indiana Township and the Fox Chapel Area School District.

After the December 1969 conveyance to the County, the tax duplicate for the year 1970 was prepared and submitted in the usual course of business to the tax collectors of the taxing bodies involved. The tax collector for Indiana Township also served as the tax collector for the Fox Chapel Area School District, at least with respect to realty within that part of the School District that is in Indiana Township. This tax collector received the 1970 tax duplicate at the appropriate time; and, since the Lawrence conveyance had occurred late in the previous year, the 1970 tax duplicate continued to show the entire 464 acre parcel in its previous taxable status.

However, late in 1970, the tax collector of Indiana Township received from the Allegheny County tax authorities official "change orders" relative to the taxation of the 464 acre tract. The effect of these "change orders" was to divide the entire tract into two parts: the part which had been conveyed to the County outright, and the part in which Mrs. Lawrence had reserved a life estate. Both parts of the tract were shown to be exempt from real estate taxes. And, for each of the succeeding four years, 1971, 1972, 1973 and 1974, the two parts of the tract were shown on the tax duplicates as being exempt.

The challenge made by the plaintiffs in their 1976 lawsuit, was that the 58 acres in which Mrs. Lawrence had retained a life interest were improperly granted tax exempt status. That lawsuit was the first time the

---

[2] More precisely, the entire tract contained 464.2 acres; and the part in which the grantor reserved an interest contained 58.41 acres.

plaintiffs undertook to contest the exemption of the land subject to the life estate.

On January 30, 1981, the lower court held a non-jury trial of the case. On February 27, 1981, the court entered a verdict for the defendants, and recorded the verdict that same day. In its written opinion, the lower court concluded that the plaintiffs had lost their right to challenge the exemption, because they had not utilized the statutory review procedures made available by Section 520 of The General County Assessment Law.[3] The court also concluded that the plaintiffs had failed to show that the exemption had resulted from any tortious conduct by the defendants.[4]

On March 12, 1981, the plaintiffs filed their appeal with our Court; but they did so without having filed exceptions to the lower court's verdict, as is prescribed by Pa. R.C.P. No. 1038(d). That omission is the basis of the motion by the appellee-defendants to quash the instant appeal.

We agree with the lower court's observation that the facts of this case would present several interesting undercurrent issues. However, we cannot address

---

[3] Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §5020-520. This Section provides:

> The corporate authorities of any county, city, borough, town, township, school district or poor district, which may feel aggrieved by any assessment of any property or other subject of taxation for its corporate purposes, *shall have the right to appeal therefrom in the same manner, subject to the same procedure, and with like effect, as if such appeal were taken by a taxable with respect to his property.* (Emphasis added.)

By mandate of Section 12 of the Act of June 21, 1939, P.L. 626, *as amended*, 72 P.S. §5452.12, relating to counties of the second class, a taxpayer must bring his appeal to a court of common pleas within 60 days of notice.

[4] Part of the plaintiffs' case was based on an allegation that there had been a "tortious agreement" among the defendants to exempt the property in question.

them here: for we must quash the instant appeal because of the appellants' failure to comply with Pa. R.C.P. No. 1038(d) before they appealed to this Court. We have held that no appeal will lie from the decision of trial judge sitting without a jury unless exceptions are filed in the court below and disposed of there. *Wedgewood Associates v. Caln Township,* 54 Pa. Commonwealth Ct. 557, 422 A.2d 1190 (1980); *Lundvall v. Camp Hill School District,* 25 Pa. Commonwealth Ct. 248, 362 A.2d 482 (1976).

Accordingly, the motion to quash this appeal is granted.

## ORDER

AND Now, the 18th day of January, 1982, the motion of the appellees to quash the above appeal is hereby granted.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.