515 A.2d 974

**William MILLER & Adele L. Miller, H/W, Appellants,**

**v.**

**PAPARONE CONSTRUCTION COMPANY, Appellee.**

Superior Court of Pennsylvania.

Submitted July 14, 1986.

Filed Oct. 6, 1986.

Arthur Matusow, Philadelphia, for appellants.

Lewis Katz, Philadelphia, for appellee.

Before McEWEN, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant appeal arises from a judgment in favor of the Defendant-Appellee in a suit which alleged the breach of a contract for the construction of a residence by the Appellee for the Plaintiff-Appellants. The dispute centers around the fact that the Appellee used a different color of brick for the exterior of the home than that which had been chosen by the Appellants. The case was tried before the lower court, without a jury, and a verdict was rendered for the

defense. Post-trial exceptions by the Appellants were considered and dismissed, and this appeal was filed after judgment was entered for the Defendant-Appellee.

The sole contention of the Appellants is that the lower court erred in allegedly considering and accepting facts and evidence not agreed to by the parties and not included in an agreed stipulation. The record shows that the parties submitted a written "Stipulation of Facts" to the lower court. This Stipulation, which contained no preamble, stated:

"1. On or about July 25, 1977, plaintiffs and defendant entered into a contract in writing wherein Plaintiffs agreed to purchase and defendant agreed to sell a new dwelling. A copy of the agreement of sale is attached hereto, made a part hereof, and marked Exhibit 'A'.

"2. Settlement was scheduled to take place on or about November 11, 1977.

"3. The agreement provided for an eighteen (18) day extension so that settlement was due no later than November 29, 1977.

"4. The agreement provided that plaintiffs would have the right to select various interior and exterior colors, including the right to select the colors for the siding, shingles, exterior wood and exterior brick.

"5. In accordance with the agreement plaintiffs made the various color selections, and chose dark ketchum, natural mortar, Rake, as the color of the exterior brick.

"6. On November 28, 1977 husband plaintiff was advised by defendant that everything was on schedule.

"7. On November 30, 1977 wife plaintiff was advised by defendant that defendant was going to substitute light ketchum brick for the dark ketchum brick chosen by plaintiffs.

"8. On November 30, 1977 husband plaintiff advised defendant that the substitution was improper, that the intended substitution would be in violation of the contract, and that the same was not acceptable.

"9. On November 30, 1977 plaintiffs sent a telegram to defendant instructing defendant not to use light ket-

chum brick, that the same was not plaintiffs' choice, and that the same was not acceptable as authorized. A copy of said telegram is attached hereto, made a part hereof, and marked Exhibit 'B'.

"10. Despite these instructions, defendant bricked the property with the substituted brick, and as a result thereof, the agreement was terminated.

"11. Plaintiffs contend that under the agreement of sale, defendant did not have the right to substitute a different color brick (Agreement of Sale, paragraph 6), and further that defendant violated the agreement by failing to go to settlement within the time set forth in the Agreement of Sale and subsequent extension thereto.

"12. Defendant contends that it had the right to make the substitution under the Agreement of Sale (paragraph 7) and there was no violation and therefore no right to terminate the Agreement.

"13. The parties have agreed to damages in the event the Court should find in favor of Plaintiffs."

This Stipulation was signed by the respective attorneys for the parties. As indicated in the body of the Stipulation, the relevant sales agreement and related documents were attached as an exhibit, as was a copy of a telegram sent by the Plaintiffs to the Defendant, stating that the substitution of different color bricks was not authorized or acceptable.

When the trial judge rendered his verdict in the case, he did so by issuing a written Memorandum opinion, in which he set forth the basic conclusion that the substitution of the different color brick by the Defendant was not a material breach of the contract between the parties. In the Memorandum, the trial judge also discussed the facts of the case. In so doing, he mentioned several facts which were clearly not derived from the Stipulation of the parties. For instance, the Memorandum stated that the Plaintiffs were advised by the Defendant that the color of brick they had originally chosen was unavailable, and that the Plaintiff-husband, an attorney, had admitted in a deposition that he had reviewed the contract before signing it and found no

problems with it. It is evident that the facts set forth in the lower court's Memorandum which were not a part of the Stipulation between the parties were derived from a memorandum with exhibits submitted by the Defendant's attorney prior to the verdict.

In their post-verdict exceptions, the Plaintiffs maintained, *inter alia,* that the court erred in considering facts not a part of the Stipulation between the parties. The trial judge, who sat as the court en banc, issued an Opinion rejecting these exceptions. In that Opinion, he explained that contemporaneous with the submission of the Stipulation by the parties, he had been provided with a copy of correspondence by Plaintiffs' counsel, which indicated that matters other than those listed in the Stipulation might be presented in memorandums which each of the parties planned to file with the court. The court explained that this letter from Plaintiffs' attorney contained the agreement of the parties regarding the Stipulation, and that it did not limit the court to consideration of the facts of the Stipulation alone as a case stated. See *County of Allegheny v. Allegheny County Prison Employees' Independent Union,* 53 Pa.Cmwlth. 350, 417 A.2d 864 (1980) for an explanation of the case stated, and the procedure to be followed.

In its Opinion dismissing the Appellants' post-verdict exceptions, the lower court also declared that it had rendered its decision based upon the terms of the sales agreement between the parties and the law of contracts. Apparently, the lower court therein was indicating it did not rely upon any of the facts outside of the Stipulation. However, in the same paragraph of its Opinion, the lower court indicates some reliance upon the alleged fact that the Defendant advised the Plaintiffs that the color of brick they chose was unavailable. This fact was not set forth in the Stipulation.

After thorough consideration, we must reject the contention of the Appellants. They have never established that the parties agreed that the Stipulation contained the only

facts which the lower court could consider.[1] The Stipulation itself does not contain any statement which indicates that no other facts could be considered by the lower court or that the parties had agreed on a case stated procedure. See *Wedgewood Associates v. Caln Township*, 54 Pa. Cmwlth. 557, 422 A.2d 1190 (1980). The letter from Appellants' attorney which was sent to the Court contemporaneous with the submission of the Stipulation, referred to in the lower court's Opinion and reproduced in the Appellants' printed record submitted to this Court, is certainly subject to differing interpretations on this question. While it does refer to the submission of a memorandum of law by each side prior to the verdict, rather than a submission of additional factual matters, its meaning is not free of ambiguity on that point.[2] The briefs of the parties on appeal also refer to other correspondence from both parties to the lower court, prior to the verdict, which pertained to the question of whether or not it had ever been agreed that the Stipulation had been intended to set forth all of the facts which the lower court could consider in rendering a verdict. There is nothing in the record which convinces us that there is any basis to find that the lower court abused its discretion in determining that factual matters other than those in the Stipulation might be submitted by the parties in connection with their memorandums. In essence, the lower court was faced with conflicting assertions by the parties as to the scope of their Stipulation. We cannot hold that reversible error occurred in the court's finding that the written Stipulation was not intended by both parties to present a case stated to the court.

1. In the briefs submitted to this Court, the parties continue to strongly dispute whether or not there was any agreement to limit the lower court's fact-finding inquiry to the facts set forth in the Stipulation.

2. We do not comment upon the procedural propriety of the receipt of evidence in such circumstances by the lower court. Such an issue has not been raised by the Appellants on this appeal. We do note that the additional matters considered in this case were some pages of a pretrial deposition of Plaintiff-husband, and an opinion of the Federal District Court dismissing a similar action between the parties based upon a determination that jurisdiction of the dispute did not lie in the Federal Court.

Finally, we deem it noteworthy to mention that the Appellants have not raised any issue on appeal regarding the lower court's basic legal conclusion that a substitution of exterior brick colors on the house by the Defendant builder was not a material breach of contract. We do not address that interesting question, and this decision should not be read as a holding that such a substitution could not be a material breach of contract. The Appellants have merely sought a new trial upon the assertion that the trial judge erred in considering facts outside of the Stipulation in rendering his verdict. Because we find no basis for reversal on that point, we must reject the appeal.

Affirmed.